IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number **07 - CV - 0 0 0 2 9 - RPM-PAC**

BUCK MALOY MELTON,

    Plaintiffs,

v.

CITY OF GUNNISON, COLORADO, OFFICER RONALD MOORE, Individually and OFFICER GRACE COWAN, Individually

    Defendant,

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLO.

JAN - 4 2007

GREGORY C. LANGHA[M]
CLERK

## COMPLAINT

### JURISDICTION

1.     This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and Colorado State law. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343, 1367 and the aforementioned statutory and Constitutional provisions.

2.     Plaintiff Buck Maloy Melton claims that the individual police officer Defendants Grace Cowan and Ronald Moore violated his rights as secured by the Fourth Amendment to the United States Constitution, specifically his right to be free from an unreasonable seizure.

1

3. Plaintiff Buck Maloy Melton claims that the violation of his Constitutional rights was committed as a result of the actions of two Gunnison Police Officers, Grace Cowan and Ronald Moore, the policies, procedures, customs, and/or practices of the Gunnison Police Department and inadequate training and inadequate supervision by the City of Gunnison of Officers Cowan and Moore.

## PARTIES

4. The Plaintiff, Buck Maloy Melton, is a citizen of the United States and at all times relevant to this Complaint, a resident of the city of Gunnison, Gunnison County, State of Colorado.

5. Individual Defendant, Gunnison Police Officer Grace Cowan, was at all times relevant to this Complaint a duly appointed and acting officer of the Police Department of the City of Gunnison, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and procedures of the City of Gunnison and/or the State of Colorado. At all times relevant to this complaint, Defendant Cowan was acting within the course and scope of her employment as an officer with Gunnison City Police Department.

6. Individual Defendant, Gunnison Police Officer Ronald Moore, was at all times relevant to this Complaint a duly appointed and acting officer of the Police Department of the City of Gunnison, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and procedures of the City of Gunnison and/or the State of Colorado. At all times relevant to this complaint, Defendant Moore was acting within the course and scope of his employment as an officer with Gunnison City Police Department.

2

7. Defendant, the City of Gunnison is a municipal corporation within Gunnison County Colorado, organized under the laws of the State of Colorado.

8. At all times relevant to this Complaint, Defendant City of Gunnison was the public employer of Individual Defendant Grace Cowan.

9. At all times relevant to this Complaint, Defendant City of Gunnison was the public employer of Individual Defendant Ronald Moore.

10. Defendant City of Gunnison is a "person" subject to suit pursuant to 42 U.S.C. § 1983

### FACTS

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. On January 2, 2006, Buck Maloy Melton had a valid Colorado driver's license. Mr. Melton's driving privileges were not under any sort of restriction or suspension.

13. On January 2, 2006, Buck Maloy Melton was stopped, detained and ultimately cited for traffic infractions including Driving Under the Influence of Alcohol. The primary officer was Officer Ronald Moore. Officer Moore was assisted by Officer Grace Cowan.

14. During this detention, police officers determined that Mr. Melton refused to comply with chemical testing.

15. Mr. Melton surrendered his driver's license to police.

16. Pursuant to C.R.S. § 42-2-126 the police were required to give Mr. Melton a temporary driving permit. Mr. Melton did obtain from Officer Moore an Express Consent Affidavit and Notice of Revocation. This form is to serve as a driver's temporary permit. However, Officer Moore stated on the form given to Mr. Melton that Mr. Melton was not issued a temporary driving

3

permit. It was Officer Moore's intention to deny Mr. Melton a temporary driving permit. Officer Cowan did not intercede or make sure that Mr. Melton received a lawful temporary permit.

C.R.S. 42-2-126 II (b) states:

When the law enforcement officer serves the notice of revocation, the officer shall take possession of any driver's license issued by this state or any other state which is held by the person. When the officer takes possession of a valid driver's license issued by this state or any other state, the officer, acting on behalf of the department, shall issue a temporary permit which is valid for seven days after its date of issuance.

18. On January 4, 2006, Officer Grace Cowan saw Mr. Melton driving. Officer Grace Cowan stopped Mr. Melton. There was no reason to stop Mr. Melton. Under Colorado law Mr. Melton was entitled to drive for at least seven days after his January 2, 2006, traffic stop. Once he requested a hearing he would be entitled to drive at least until the date of the hearing. *See* C.R.S. § 42-2-126.

19. During the stop on January 4, Officer Cowan called dispatch to check on Mr. Melton's driver's license status. The operator informed Officer Cowan that the information she had stated his driver's license status to be "clear and valid." The dispatch operator offered to verify this information for Officer Cowan. Officer Cowan refused this request.

20. Officer Cowan responded by stating that Mr. Melton's license had been surrendered and that he had not been issued a temporary permit.

21. Officer Cowan's understanding of Mr. Melton's driving privilege status came from her participation with Officer Moore during the January 2, 2006, stop and arrest of Mr. Melton.

4

22. During this second stop of Mr. Melton on January 4, 2006, Officer Cowan arrested Mr. Melton and he was taken to jail. Mr. Melton was subsequently charged with Driving Under Restraint in violation of C.R.S. § 42-2-138(1)(a) and Violation of Bail Bond Conditions, C.R.S. 18-8-212 (2).

23. Due to the Driving Under Restraint arrest Mr. Melton was required to post bail in the amount of $10,000. Mr. Melton had to obtain a bondsman and pay a premium that he could not recover.

24. The Driving Under Restraint and Violation of Bail Bond Conditions charges were ultimately dismissed. Parenthetically, Mr. Melton was acquitted of all charges in the Driving Under the Influence allegation of January 2, 2006.

25. If Officer Moore or Officer Cowan had followed the law, Mr. Melton would not have been unlawfully stopped and arrested on January 4, 2006.

26. On information and belief, Defendant City of Gunnison set out the procedures and training followed by Officers Moore and Cowan. Their actions were consistent with the institutionalized practice of the Gunnison Police Department, which was known and ratified by Defendant City of Gunnison, Defendant City of Gunnison having at no time relevant hereto taken any effective action to prevent Officers Moore and Cowan from violating the law or properly training the officers so that the law would not be violated.

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Against Defendant Ronald Moore, Individually)

27. Plaintiff, Buck Maloy Melton, incorporates paragraphs 1 through 26 herein by reference.

5

28. Defendant Ronald Moore, acting under color of law, violated the law by providing false information that Mr. Melton was not entitled to drive following his January 2, 2006, contact with Mr. Melton and by acting on this information by not issuing a valid temporary driving permit. This false information resulted in the violation of Plaintiff, Buck Maloy Melton's, rights as secured by the Fourth Amendment to the United States Constitution, specifically his right to be free from an unreasonable seizure.

29. Plaintiff, Buck Maloy Melton, is entitled to damages to compensate him for his economic and non-economic losses attributable to the violation of his Constitutional rights by Defendant Moore, and in addition, is entitled to costs and attorney fees pursuant to 42 U.S.C. § 1988 and is entitled to and requests pre-judgment and post-judgment interest as allowed by law.

### SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Against Defendant Grace Cowan, Individually)

30. Plaintiff, Buck Maloy Melton, incorporates paragraphs 1 through 26 and paragraphs 28 and 29, herein by reference.

31. Defendant Cowan acting under color of law, violated Plaintiff, Buck Maloy Melton's Civil Rights, as secured by the Fourth Amendment to the United States Constitution, specifically his right to be free from an unreasonable seizure.

32. Plaintiff, Buck Maloy Melton, is entitled to damages to compensate him for his economic and non-economic losses attributable to the violation of his Constitutional rights by

6

Defendant Cowan, and in addition, is entitled to costs and attorney fees pursuant to 42 U.S.C. § 1988 and is entitled to and requests pre-judgment and post-judgment interest as allowed by law.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983)
### (Against the City of Gunnison)

33. Plaintiff, Buck Maloy Melton, incorporates paragraphs one through 26, and paragraphs 28, 29, 31 and 32 herein by reference.

34. Defendants Moore and Cowan, at all relevant times hereto were working within the scope of their employment as police officers for the City of Gunnison.

35. The City of Gunnison, through its police chief and other policy makers is responsible for the policies, procedures, customs, and practices of the Gunnison Police Department. The City, through its police chief and other officials is also responsible for the proper training of its police officers.

36. The City of Gunnison, through its training, policies, procedures, customs and practices, exhibited a reckless indifference to the Constitutional rights of persons in the City of Gunnison, which caused the violation of Plaintiff, Buck Maloy Melton's, Constitutional rights as set forth above.

37. Plaintiff, Buck Maloy Melton, is entitled to damages to compensate him for his economic and non-economic losses attributable to the violation of his Constitutional rights by Defendant City of Gunnison and, in addition, is entitled to costs and attorney fees pursuant to 42

U.S.C. § 1988 and is entitled to and requests pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, Plaintiff requests:

a. Compensatory damages in an amount to be determined by the trier of fact for the injuries and losses described above.

b. Interest, both pre-judgment and post-judgment, as allowed by law.

c. Attorney fees and costs pursuant to 42 U.S.C. § 1988.

d. Such other and further relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY OF SIX PERSONS.

Respectfully submitted this 4rd day of January, 2007.

*s/ Sean M. McDermott*
SEAN M. MCDERMOTT
ATTORNEY AT LAW for Buck Maloy Melton
McDermott, Hansen, & McLaughlin, LLP
1890 Gaylord Street
Denver, CO 80206
Phone 303-399-6037
Fax 303-322-3423
E-mail address: smcdermott@mhmlawfirm.com

Address of Plaintiff
1206 Tomichi Avenue, #1
Gunnison, Colorado 81230

8