IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07CV00029-RPM-PAC

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

## DEFENDANTS' MOTION TO DISMISS

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby move the Court for an order granting their Motion to Dismiss.

**AND IN SUPPORT THEREOF**, Defendants state as follows:

### I.   INTRODUCTION

1.   This case arises out of allegations by Plaintiff that his constitutional rights were violated when he was not issued a temporary driver's permit after being arrested for Driving Under the Influence of Alcohol, and further that his rights were violated when he was stopped and arrested shortly thereafter for driving while his license was under restraint. Plaintiff alleges the following claims for relief against the Defendants: (1) First Claim for Relief – violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant Officer

Ronald Moore (hereinafter "Moore"); (2) Second Claim for Relief – violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant Officer Grace Cowan (hereinafter "Cowan"); and (3) Third Claim for Relief – violation of Plaintiff's Fourth Amendment rights pursuant to 42 U.S.C. § 1983 against Defendant City of Gunnison, Colorado (hereinafter "the City"). The present motion seeks the dismissal of the entirety of Plaintiff's claims for relief under Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

2. Under Fed.R.Civ.P. 12(b)(6), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). Dismissal is required under Fed.R.Civ.P. 12(b)(6) if, taking all well-pleaded facts as true and construing them in the light most favorable to a plaintiff, it is clear that he can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45 – 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

## III. ARGUMENT

### A. INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

1. Concept and Plaintiff's Burden.

3. The qualified immunity doctrine shields governmental officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate

2

clearly established constitutional rights.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001)(citing *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). Qualified immunity "not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial."  *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988).  "These burdens include distraction of officials from their governmental responsibilities, the inhibition of discretionary decision making, the deterrence of able people from public service, and the disruptive effects of discovery on governmental operations."  *Hannula v. City of Lakewood*, 907 F.2d 129, 130 (10th Cir. 1990).

4. "Once the defendant pleads qualified immunity, the burden shifts to the plaintiff to demonstrate (1) the defendant's conduct violated the law, and (2) the relevant law was clearly established when the alleged violation occurred."  *Migneault v. Peck*, 158 F.3d 1131, 1139 (10th Cir. 1998)(citing *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997)).  "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." *Migneault*, 158 F.3d at 1140 (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995)).

5. In order to overcome the defense of qualified immunity, a plaintiff must make a particularized showing that the law is sufficiently clear that the defendant would have known that his or her conduct was unconstitutional.  *See Patrick v. Miller,* 953 F.2d 1240 (10th Cir. 1992). Although the standard does not require an exact or precise factual correlation between existing law and the circumstances of the case at bar, it does require that the law be reasonably well-

3

developed to inform the state official that his or her conduct would violate the law. *Hilliard v. City and County of Denver*, 930 F.2d 1516, 1518 (10th Cir. 1991). In order for the law to be sufficiently clear, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

      6. The Tenth Circuit has recognized a third step to the "traditional" qualified immunity analysis. Specifically, it is incumbent upon the Court to examine "whether, in spite of the fact that the law was clearly established, 'extraordinary circumstances' - such as reliance on the advice of counsel or on a statute – 'so 'prevented' [the official] from knowing that his actions were unconstitutional that he should not be imputed with knowledge of a clearly established right." *Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005)(citing *Roska ex rel. v. Peterson*, 328 F.3d 1230, 1251 (10th Cir. 2003)).

      7. "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2158, 150 L.Ed.2d 272 (2001). "If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 121 S.Ct. at 2158; *see also Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1178, 1196 (10th Cir. 2001). For the reasons set forth below, Plaintiff cannot meet any part of his three-part burden with regard to his claims against the individual Defendants and, as such, those Defendants are entitled to qualified immunity.

B.      No Constitutional Violation.

8.      Plaintiff alleges that Moore violated his Fourth Amendment rights when he provided false information that Plaintiff was not entitled to drive following his arrest for DUI on January 2, 2006, and further violated his rights by failing to issue him a temporary driver's permit as required by C.R.S. § 42-2-126. [Complaint at ¶¶ 13 – 16, and 28]. As for his claims against Cowan, Plaintiff alleges that his Fourth Amendment rights were violated when she unlawfully seized him on January 4, 2006 given that Plaintiff was entitled to a temporary driver's permit under state statute following his DUI arrest two days earlier. [Complaint at ¶¶ 18 – 22, and 31]. Since the constitutionality of the conduct of Cowan is inherently dependent upon the constitutionality of the conduct of Moore, the analysis will start with Moore.

9.      Plaintiff relies upon the language of C.R.S. § 42-2-126 for the contention that he was unequivocally entitled to a temporary driver's permit after his license was revoked following his arrest for DUI. [Complaint at ¶ 16]. The statute reads, in relevant part, as follows:

> (5)(a)(I) Whenever a law enforcement officer requests a person to take any test or tests as required by section 42-4-1301.1 and such person refuses to take or to complete or to cooperate in the completing of such test or tests, or whenever such test results are available to the law enforcement officer and such tests show an alcohol concentration sufficient to warrant revocation under paragraph (a) of subsection (2) of this section, and when the person who is tested or who refuses to take or to complete or to cooperate in the completing of any test or tests is still available to the law enforcement officer, the officer, acting on behalf of the department, shall serve the notice of revocation personally on such person.
>
> ***
>
> (b) When the law enforcement officer serves the notice of revocation, the officer shall take possession of any driver's license issued by this state or any other state which is held by the person. When the officer takes possession of a valid driver's license issued by this state or any other state, the officer, acting on behalf of the department, shall issue a temporary permit which is valid for seven days after its date of issuance.

5

> (c) A copy of the completed notice of revocation form, a copy of any completed temporary permit form, and any driver's, minor driver's, or temporary driver's license or any instruction permit taken into possession under this section shall be forwarded to the department by the officer along with the affidavit and documents required in subsections (2) and (3) of this section.
>
> (d) The department shall provide forms for notice of revocation and for temporary permits to law enforcement agencies. The department shall establish a format for the affidavits required by this section and shall give notice of such format to all law enforcement agencies which submit affidavits to the department. Such law enforcement agencies shall follow the format determined by the department.

COLO.REV.STAT. § 42-2-126 (2006).

    10.    Pursuant to the statute, the notice of revocation forms are issued by the Colorado Department of Revenue and provided to local law enforcement agencies. COLO.REV.STAT. § 42-2-126(5)(d). Plaintiff alleges that he did receive from Moore an Express Consent Affidavit and Notice of Revocation at the time of his arrest, a copy of which is appended hereto as **Exhibit A**.[1] Contrary to the statute, the notice of revocation states, under the section regarding the right to request a hearing, that "[a] temporary permit *may* be issued until the date of your first scheduled hearing."  [**Exhibit A**](emphasis added).  Under the section entitled "**SURRENDER OF DRIVER LICENSE**," the notice states that "[w]hen you surrender your driver license, the officer *may* issue a temporary permit that will remain in force for seven (7) calendar days after the date of notice.*"  [**Exhibit A**](emphasis added).  And most importantly, the language that is specific to the issuance of a temporary permit reads as follows:

---

[1] The Court can consider the Express Consent Affidavit and Notice of Revocation in ruling on this motion without converting the action to a Motion for Summary Judgment because Plaintiff specifically referred to that document within his Complaint at ¶ 16. *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) (ruling that on motion to dismiss, the district court has discretion to consider materials "referred to by the plaintiff and central to his claim."); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 – 1385 (10th Cir. 1997).

6

### TEMPORARY PERMIT

This entire notice and order is a temporary permit which expires on the seventh (7th) day after the date of notice* when indicated below *and when signed by both you and the peace officer*.

(Emphasis added).

It is clear from **Exhibit A** that Plaintiff refused to sign the notice of revocation, and given the clear language of the notice issued by the Department of Revenue, Moore was not required to issue Plaintiff a temporary permit given his refusal to do so.

11.     Moore's decision to not issue the temporary permit given Plaintiff's refusal to sign the notice of revocation is further supported by the findings of the hearing officer from the Department of Revenue during the revocation hearing, a certified transcript of which is appended hereto as **Exhibit B**.[2]  At that hearing, Plaintiff's attorney, Jon R. Schumacher, noted to the hearing officer that Moore had refused to issue a temporary permit. [**Exhibit B** at p. 6, lines 5 – 8]. After explaining the basis for the probable cause for the arrest, on cross-examination Moore testified that he did not issue a temporary permit given the above-referenced language within the notice of revocation and Plaintiff's refusal to sign the notice. [**Exhibit B** at p. 13, line 18 – p. 19, line 10]. In sustaining the license revocation, the hearing officer specifically noted the above-referenced provision within the notice of revocation and confirmed that Moore could not issue a temporary permit given that language.[3]  [**Exhibit B** at p. 15, line 10 – p. 16, line 7].

---

[2] The transcript can be considered without converting the action to a Motion for Summary Judgment since the legality of the decision to not issue the temporary permit, which was resolved at the revocation hearing, is "central to [Plaintiff's] claim" that his rights were violated.  *See Prager*, 180 F.3d at 1189; *GFF Corp.*, 130 F.3d at 1384 – 1385.  Also, since the transcript is a public record of a quasi-judicial proceeding, the Court can take judicial notice of the transcript and consider it under Fed.R.Civ.P. 12(b)(6).  *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[3] Plaintiff seems to place great emphasis on the fact that the criminal charges stemming from both arrests were dismissed.  [Complaint at ¶ 24].  However, these were entirely separate proceedings from the license revocation

12. Accordingly, since Moore did not provide false information by informing Plaintiff that he was not entitled to a temporary permit given his failure to sign the notice of revocation, nor did he violate the law by not issuing the permit, Moore did not violate Plaintiff's Fourth Amendment rights. In addition, Cowan did not unlawfully seize Plaintiff two days later given that Moore had properly refused to issue the temporary permit. Since Plaintiff was driving under a restraint, probable cause clearly existed for the arrest made by Cowan. Given that Plaintiff cannot meet the first hurdle of the qualified immunity analysis by establishing a constitutional violation, the claims against Moore and Cowan should be dismissed.

    C.    <u>No Clearly Established Law</u>.

13. Should the Court find that any of acts described above could constitute a violation of Plaintiff's Fourth Amendment rights, the law could not be said to be clearly established. Despite the language of C.R.S. § 42-2-126, an exception to the apparent mandatory language within the statute is provided in the very form issued by the Department of Revenue, that being that the temporary permit is only to be issued if signed by both the arrestee and the peace officer. Given this inconsistency, and coupled with the fact that there does not exist any case law from the Tenth Circuit or the Supreme Court standing for the proposition that a failure to issue a temporary permit when the DUI arrestee refuses to sign the notice of revocation constitutes a Fourth Amendment violation, it cannot be said that Moore and Cowan would have known their conduct to have been unconstitutional. Since Plaintiff cannot meet the second part of his two

---

proceeding with the Department of Revenue. And as made clear by **Exhibit B**, the Department of Revenue upheld the revocation and revoked Plaintiff's driver's license for a full two year period. [**Exhibit B** at p. 17, lines 6 – 23].

part burden, Moore and Cowan are entitled to qualified immunity and the claims against them should be dismissed.[4]

### D. "Extraordinary Circumstances."

14. Should the Court find that the law was clearly established in favor of Plaintiff, "extraordinary circumstances" prevented Moore and Cowan from knowing that their conduct was unconstitutional. Each officer relied in good faith upon the mandate in the notice of revocation which directed them not to issue a temporary permit unless Plaintiff signed the notice. Accordingly, these Defendants are entitled to qualified immunity since they should not be imputed with knowledge of a clearly established right. *See Lawrence*, *supra*, 406 F.3d at 1230.

### B. MUNICIPAL LIABILITY CLAIMS SHOULD BE DISMISSED.

15. Plaintiff has alleged claims against the City under § 1983 based on the allegation that his civil rights were violated as a result of the City's policies, procedures, customs, and/or practices of inadequate training and supervision. [Complaint at ¶¶ 3, 26, 35 – 36].

16. A governmental entity may not be held liable pursuant to 42 U.S.C. § 1983 when there has been no underlying constitutional violation by one of its employees. *See Williams v. City and County of Denver*, 99 F.3d 1009, 1018 (10th Cir. 1996)(referring to *Hinton v. City of Elwood*, 997 F.2d 774, 782-83 (10th Cir.1993)). As addressed above, since Plaintiff has failed to allege conduct on the part of the individual Defendants which violated his Fourth Amendment rights, Plaintiff's claims against the City must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

---

[4] And given what could be construed as inconsistent law in the State of Colorado, if the Court were to find that Moore and Cowan did violate Plaintiff's civil rights for not complying with C.R.S. § 42-2-126, any mistake in that regard was reasonable given the language within the notice of revocation. Accordingly, these Defendants would nonetheless be entitled to qualified immunity. *See Saucier*, 121 S.Ct. at 2158.

**WHEREFORE**, Defendants respectfully request that the Court enter Orders as follows:

A. Dismissing all of Plaintiff's claims for relief pursuant to Fed.R.Civ.P. 12(b)(6);

B. Granting Defendants' request for attorney fees and costs;

C. Granting Defendants such other and further relief as the Court deems just and proper

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*

s/ Elliot J. Scott
*Elliot J. Scott*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0210
E-mail: eziporin@sgrllc.com

*Attorneys for Defendants*

10

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that on this _____ day of April, 2007, a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean McDermott, Esq.
smcdermott@mhmlawfirm.com

s/ Barbara A. Ortell

11

00264145.DOC