## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  07-CV-00029-RPM-PAC

BUCK MALOY MELTON,

        Plaintiff,

v.

CITY OF GUNNISON, COLORADO, OFFICER BOB BROWN, Individually and OFFICER GRACE COWAN, Individually

        Defendants.

---

### RESPONSE TO DEFENDANTS' MOTION TO DISMISS

---

Plaintiff Buck Maloy Melton by and through his attorney, Sean McDermott of McDermott, Hansen & McLaughlin L.L.P. responds to the Defendants' Motion to Dismiss. Mr. Melton states the following:

**Mr. Melton Has Pled Sufficient Facts**

1. Mr. Melton has specifically pled facts that set forth the illegal seizure that culminated in his illegal detention and arrest on January 4, 2006. This illegal detention and arrest is the harm that is complained of, nothing more nothing less. This harm is a clear violation of the Fourth Amendment to the United States Constitution. Therefore the doctrine of qualified immunity is inapplicable to Mr. Melton's complaint.

2.     In ruling on a motion to dismiss for failure to state a claim, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir. 1973). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957).

3.     Mr. Melton has stated his claims by asserting that the officers' conduct resulted in an illegal stop and arrest on January 4, 2006. In summary, Mr. Melton has previously pled:

   a.     On January 2, 2006 Mr. Melton was arrested for Driving Under the Influence by Officers Moore and Cowan.  Mr. Melton surrendered his license to the Officers after they determined he refused chemical testing. Complaint ¶ ¶ 13-15.

   b.     Mr. Melton was not issued a temporary permit, even though Colorado law required that a permit was to be given to Mr. Melton pursuant to C.R.S. § 42-2-126 ii (b) which mandates that the "officer … shall issue a temporary permit which is valid for seven days after the date of its issuance." Complaint ¶¶ 16-17.

   c.     On January 4, 2006 Officer Grace Cowan stopped Mr. Melton's car.

There was not probable cause or reasonable suspicion to detain Mr. Melton. Complaint ¶ 18.

d. During this stop Officer Cowan called dispatch to check on Mr. Melton's Drivers license status. Officer Cowan was informed by the dispatch operator that Mr. Melton's driver's license was "clear and valid." Officer Cowan ignored this information. Even after the dispatch operator offered to verify whether this information was true or not, Officer Cowan refused this request and instead elected to arrest Mr. Melton and take him to jail. This arrest was made without probable cause. Complaint ¶¶ 19, 22.  This arrest violated Mr. Melton's right to be free from an illegal seizure. Complaint ¶ 31.

e. With respect to Officer Moore, Mr. Melton asserted the following. Officer Moore provided false information that Mr. Melton was not entitled to drive following his January 2, 2006 contact with Mr. Melton. Officer Moore acted on this information by not issuing Mr. Melton the required permit. This resulted in Mr. Melton's being stopped and arrested without reasonable suspicion or probable cause on January 4, 2006. Complaint ¶ 28.

f. The City of Gunnison has been made a Defendant because through its training, policies, procedures customs and practices the City exhibited a reckless disregard of the Constitutional Rights of the people of Gunnison. The result of this is that Officers placed in the position of Officers Moore and Cowan violated the Constitutional rights of Mr. Melton. Complaint ¶ ¶35-37.

4. The Plaintiff has pled a clear Fourth Amendment violation. This Rule of law was well established prior to the date of January 4, 2006 when Officer Grace Cowan illegally stopped, detained, and arrested Mr. Melton. The seminal case that involves a warrantless arrest of a motorist is *Beck v. Ohio,* 379 U.S. 89 (1964). This case clearly held that when the Constitutional validity of an arrest is challenged, it is the function of a Court, to determine whether the facts available to the officers at the moment of the arrest would warrant an officer of reasonable caution in the belief that an offense has been committed. "Whether or not the requirements of reliability and particularity of the information on which

an officer may act are more stringent where an arrest warrant is absent, they surely cannot be less stringent than where an arrest warrant is obtained." *Beck v. Ohio,* 379 U.S. at 96.

     5.     In the Beck case, a motorist, was pulled over by the police and arrested even though the officers had not observed any traffic violation. The officers placed Mr. Beck under arrest, brought him to the police station and proceeded to search him. The Court, when addressing the lack of probable cause for the warrantless arrest noted that the record showed:

> "no more than that the officer 'had a police picture of him (Beck) and knew what he looked like,' and that the officer knew that (Beck) had 'a record (involving what Beck was ultimately charged with)…Beyond that, the officer testified only that he had 'information' that he had 'heard reports' that 'someone specifically did relate that information' and that he 'knew who that person was'…."

*Beck v. Ohio*, 379 U.S.89, 93-94.

     The Court stated that "We do not hold that the officer's knowledge of the petitioner's physical appearance and previous record was either inadmissible or entirely irrelevant upon the issue of probable cause. But to hold that knowledge of either or both of these facts constituted probable cause would be to hold that anyone with a previous criminal record could be arrested at will." *Beck v. Ohio,* 379 U.S. 89 at 97.

     6.     This quoted language is precisely what Mr. Melton has alleged that Officer Grace Cowan did in violation of the Fourth Amendment of the United States Constitution.

7. It is also well established that an officer cannot stop a motorist where there is not at least an articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law. Stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. *Delaware v. Prouse,* 440 U.S. 648, 663 (1979).

8. Mr. Melton has plainly pled that had the police officers followed the relevant Colorado law, then they would not have violated the Fourth Amendment by stopping Mr. Melton and then arresting Mr. Melton without probable cause.

9. Furthermore, Mr. Melton has directly asserted that Officer Cowan had a clear opportunity to avoid the illegal arrest when the dispatch operator told Officer Cowan that Mr. Melton's driving status was clear and valid. Officer Cowan ignored what an officer of "reasonable caution" would do and proceeded with a warrantless arrest that was not supported by probable cause. This is a clear violation of the Fourth Amendment to the United States Constitution and it was a clear violation of the Fourth Amendment on January 4, 2006.

10. Thus, the Plaintiff has pled that the defendant's conduct violated clearly established statutory or constitutional rights of which a reasonable person would have

known and the case should not be dismissed under the qualified immunity doctrine. *Prager v. LaFaver,* 180 F.3d 1185, 1190 (10th Cir. 1999).

**The Defendants' Motion Should Be Treated as A Motion For Summary Judgment**

11.     The Defendants have attempted to introduce extrinsic facts by introducing evidence outside of the pleadings. The Defendants rely on *Prager v. LaFaver,* 180 F.3d 1185 (10th Cir. 1999). This case states that "if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials." However, the *Prager* Court also stated that "the district court was well within its discretion in declining to consider the documents attached to (the) motion to dismiss," when the trial court denied the defendant's motion to dismiss. *Prager v. Lafaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

12.     In his complaint Mr. Melton mentioned a form that he received from Officer Moore.  (¶ 16 of Complaint). However, the mere mention of this form was not done to advance his claim and is not central to his claim against any of the Defendants. This was included to provide as accurate and complete a picture at this stage of the proceeding rather than simply relying on general notice pleading. If the Defendant wishes to assert that it is actually the Colorado Department of Revenue that is at fault in this matter for failing to provide adequate training regarding the implementation of C.R.S. § 42-2-126, they are free to do so in an answer, in a Motion for Summary Judgment, or at trial. Whether the officers were properly trained to execute and advise people of the law in light of this form may be a material fact that is in dispute. However, the proper forum for this is not a Motion made pursuant to Federal Rule of Civil Procedure 12(b) (6).

6

13.	Similarly, the Defendants attempt to have the Court consider the findings of the hearing officer that determined whether Mr. Melton's license should be revoked. That hearing dealt with the sole issue of whether there was a reason to stop Mr. Melton on January 2, 2006 when Mr. Melton was cited for Driving Under the Influence and whether his license should be revoked following that hearing under the Colorado Express Consent Statute. Everyone, including the hearing officer appears to agree that the form given is contrary to the way the law *actually* reads in Colorado. While these may be relevant to issues to contest at trial or in a Motion for Summary Judgment after discovery has commenced it is not appropriate in a Motion to Dismiss for Failure to State a Claim.

14.	In general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings *Prager v. LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999).

15.	In fact Fed.R.Civ.P.12(b) provides: If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Prager v. LaFaver*, 180 F.3d 1185, 1189 n.3. (10th Cir. 1999) (citing, Fed.R.Civ.P.12(b)).

**WHEREFORE,** the Plaintiff, Buck Maloy Melton respectfully requests that this Court deny the Defendants' Motion to Dismiss.

*/s/ Sean M. McDermott*
SEAN M. MCDERMOTT
ATTORNEY AT LAW for Buck Maloy Melton
McDermott, Hansen, & McLaughlin, LLP
1890 Gaylord Street
Denver, CO 80206
Phone 303-399-6037
Fax 303-322-3423
E-mail address:
smcdermott@mhmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 15th day of May, 2007, I electronically filed the foregoing **RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Eric M. Ziporin, Esq.
eziporin@sgrllc.com

Elliott J. Scott, Esq.
escott@sgrllc.com

*s/ Sean M. McDermott*
Sean M. McDermott

8