IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07CV00029-RPM-PAC

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually,

Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

---

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby submit their Reply in Support of Motion to Dismiss.

## I.    INTRODUCTION

1.    Plaintiff requests that Defendants' Motion to Dismiss (hereinafter "Motion") be converted to a motion for summary judgment. While conceding that the notice of revocation is referred to in the Complaint, Plaintiff unconvincingly attempts to minimize this reference by claiming that it was not done to advance his claims and that it is not central to any claims against the Defendants. [Plaintiff's Response to Defendants' Motion to Dismiss (hereinafter "Response") at ¶ 12]. To the contrary, the notice of revocation is central to his claims as Plaintiff has alleged that the notice was to serve as his temporary driver's license while conveniently

omitting any reference to the fact that he was required to sign the form for it to have this effect. Regardless of Plaintiff's attempt to downplay his reference to the notice of revocation, the language within the notice, which appears to be contradictory to the relied upon statute, is central to Plaintiff's claims as it establishes both that Moore was not required to issue the temporary license and that Plaintiff was driving under restraint when arrested by Cowan on January 4, 2006 since he had not been issued a temporary license.  Accordingly, the notice should be considered by the Court under Fed.R.Civ.P. 12(b)(6).

2.     And as for the transcript from the revocation hearing, the hearing not only dealt with the issue of probable cause, but the transcript clearly shows that it was Plaintiff's attorney who brought up the alleged failure to issue the temporary driver's license.  This issue is at the very heart of Plaintiff's Fourth Amendment claim.   The transcript (in addition to being a transcript of a quasi-judicial proceeding for which this Court can take judicial notice) is from a hearing specifically referred to in the Complaint [Complaint at ¶ 18] and is central to Plaintiff's claim that Moore's failure to issue a temporary license was a constitutional violation.  Without presenting any legal authority to support his position, Plaintiff claims that while the apparent discrepancy in the law might be an issue for summary judgment, it is not an appropriate issue to be decided under Rule 12(b)(6).  For the above reasons, it is clear that the transcript can be considered by the Court under Fed.R.Civ.P. 12(b)(6).

3.     Even if the Court were to convert the present Motion to a motion for summary judgment, dismissal would be appropriate under Fed.R.Civ.P. 56.  And while Plaintiff has requested that such conversion takes place, he has failed to present to the Court factual

allegations which would create any dispute of material fact preventing summary judgment in favor of Defendants.[1]

## II.   ARGUMENT

### A.   INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

#### 1.   No Constitutional Violation.

4.      Plaintiff claims that he has pled a clear violation of the Fourth Amendment. [Response at ¶ 4].  In making this claim, it appears that Plaintiff has completely abandoned the allegation that Moore violated his Fourth Amendment rights by providing false information and failing to issuing him a temporary driver's license.  Plaintiff's failure to squarely address the arguments made on behalf of Moore is fatal to the entirety of his claims for relief as all subsequent conduct by Cowan is inherently dependent upon the legality of the actions of Moore on January 2, 2006.  The entirety of Plaintiff's argument instead focuses on the alleged unlawful stop and arrest of Plaintiff by Cowan on January 4, 2006.

5.      Surprisingly, in making his argument, Plaintiff relies upon *Beck v. Ohio*, 379 U.S. 89 (1964), a case which stands for the proposition that probable cause must exist for an arrest before a police officer can conduct a search incident to a lawful arrest.  In *Beck*, the Supreme Court was highly critical of the lower courts' finding of probable cause based upon what it perceived to be very thin evidence, with particular emphasis given to the fact that the arresting

---

[1] For the first time in any pleading filed in this case, Plaintiff lists "OFFICER BOB BROWN" as a named Defendant, and omits "OFFICER RONALD MOORE" as a named Defendant.  Prior to the filing of this pleading, undersigned counsel contacted counsel for Plaintiff who indicated that this was a mere typographical error and that the caption should have listed Moore instead of Officer Bob Brown.  Plaintiff's Notice of Errata to Response to Defendants' Motion to Dismiss [Docket No. 9], filed on May 23, 2007, clarified this error for the Court.

officers could not articulate any belief that a crime had been or was being committed in their presence. *Beck*, 379 U.S. at 94.

6.    Unlike *Beck*, the Complaint alleges that Cowan was present and assisted Moore on January 2, 2006 and that she knew that Plaintiff's license had been surrendered and that he had not been issued a temporary license. [Complaint at ¶¶ 13 and 20].   The Complaint does not allege that Cowan merely stopped Plaintiff because she recognized him and was aware of a "record" of driving while under restraint.   Nor does the Complaint allege that Cowan merely stopped Plaintiff on a hunch to check his license and registration.   [Response at ¶ 7](citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979)).   To the contrary, since Cowan knew that Plaintiff had lawfully been refused a temporary driver's license on January 2, 2006, and then witnessed him driving under restraint two days later, probable cause clearly existed for both the stop and arrest even considering the allegations in the light most favorable to Plaintiff.

7.    Since Plaintiff has failed to allege a constitutional violation on the part of either Moore or Cowan these Defendants are entitled to qualified immunity.

2.    No Clearly Established Law.

8.    Again, Plaintiff relies upon *Beck* and *Prouse* to support his claim that the law was clearly established at the time of his arrest.   From a qualified immunity perspective, *Beck* provides no assistance to Plaintiff in meeting his burden.   Plaintiff has failed to come forward with any case from the Tenth Circuit or the Supreme Court which stands for the proposition that a failure to issue a temporary permit when the DUI arrestee refuses to sign the notice of revocation constitutes a Fourth Amendment violation which would have put Moore on notice that he was violating Plaintiff's constitutional rights.   Nor has Plaintiff cited to any case law

which would have put Cowan on notice that she did not have probable cause for an arrest given Moore's refusal to issue Plaintiff a temporary license.

        3.     "<u>Extraordinary Circumstances</u>."

    9.    Plaintiff makes no attempt to respond to the contention that the individual Defendants are entitled to qualified immunity given their reasonable reliance upon the notice of revocation which instructed them not to issue a temporary license unless the notice was signed by Plaintiff.

       **B.**     **MUNICIPAL LIABILITY CLAIMS SHOULD BE DISMISSED.**

    10.    Given the arguments above, as well as those within Defendants' Motion, Plaintiff has failed to plead an underlying constitutional violation by either individual Defendant and, as such, the claims against the City must be dismissed. *See Williams v. City and County of Denver*, 99 F.3d 1009, 1018 (10th Cir. 1996).

                             Respectfully submitted,

                             s/ Eric M. Ziporin
                             Eric M. Ziporin

                             s/ Elliot J. Scott
                             Elliot J. Scott
                             Senter Goldfarb & Rice, L.L.C.
                             1700 Broadway, Suite 1700
                             Denver, CO 80290
                             Telephone:  (303) 320-0509
                             FAX:  (303) 320-0210
                             E-mail: eziporin@sgrllc.com

                             *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 24th day of May, 2007, a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean McDermott, Esq.
smcdermott@mhmlawfirm.com

s/ Barbara A. Ortell

00267692.DOC