IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00029-RPM-PAC

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

## ANSWER

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, and pursuant to Fed.R.Civ.P. 8 and 12, hereby answer and respond to Plaintiff's Complaint as follows:

## ANSWER

1. Defendants admit the allegations set forth in paragraphs 7, 10, 13, 15, 21, and 34 of Plaintiff's Complaint.

2. Defendants deny the allegations set forth in paragraphs 2, 3, 25, 26, 28, 29, 31, 32, 36, and 37 of Plaintiff's Complaint.

3. Defendants are without sufficient knowledge and information to form a belief as to the veracity of the allegations set forth in paragraphs 4, 8, 9, 12, 23, and 24 of Plaintiff's Complaint and, as such, deny same.

4.     With respect to the allegations set forth in paragraph 1 of Plaintiff's Complaint which address the claims for relief and jurisdiction, since these are not factual allegations against Defendants, but are instead assertions of the law, Defendants are not required to respond to same. However, should these be construed as factual allegations, Defendants are without sufficient knowledge and information to form a belief as to the veracity of the remaining allegations in said paragraph and, as such, deny same.

5.     With respect to the allegations set forth in paragraph 5 of Plaintiff's Complaint, Defendants admit that Defendant Grace Cowan was at all relevant times employed as a peace officer with the Gunnison Police Department, was acting within the course and scope of her employment, and was acting under the color of state law.  However, Defendants are without sufficient knowledge and information to form a belief as to the veracity of the remaining allegations in said paragraph and, as such, deny same.

6.     With respect to the allegations set forth in paragraph 6 of Plaintiff's Complaint, Defendants admit that Defendant Ronald Moore was at all relevant times employed as a peace officer with the Gunnison Police Department, was acting within the course and scope of his employment, and was acting under the color of state law.  However, Defendants are without sufficient knowledge and information to form a belief as to the veracity of the remaining allegations in said paragraph and, as such, deny same.

7.     With respect to the allegations set forth in paragraph 14 of Plaintiff's Complaint, Defendants admit that during the contact on January 2, 2006, Plaintiff refused to comply with requests that he submit to chemical testing.  However, Defendants deny the remaining allegations in said paragraph.

8. With respect to the allegations set forth in paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff refused to sign an Express Consent Affidavit and Notice of Revocation presented to him by Officer Ronald Moore. Defendants further admit that if Plaintiff had signed the Express Consent Affidavit and Notice of Revocation, it would have served as a temporary driver's permit. Defendants admit that Officer Ronald Moore explained to Plaintiff that if he signed the Express Consent Affidavit and Notice of Revocation, that same would serve as a temporary driver's permit. Defendants further admit that Officer Ronald Moore explained to Plaintiff that since he refused to sign the Express Consent Affidavit and Notice of Revocation, he would not be issued a temporary driver's permit. Defendants admit that the statutory language cited within said paragraph is found at C.R.S. § 42-2-126(5)(b). However, Defendants deny the remaining allegations in said paragraph.

9. With respect to the allegations set forth in paragraph 18 of Plaintiff's Complaint, Defendants admit that Defendant Grace Cowan saw Plaintiff driving on January 4, 2006 and that she stopped him. However, Defendants deny the remaining allegations in said paragraph.

10. With respect to the allegations set forth in paragraph 19 of Plaintiff's Complaint, Defendants admit during the stop on January 4, 2006, as per procedure, Defendant Grace Cowan called dispatch to check on the status of Plaintiff's driver's license. Defendants further admit that the dispatcher informed Defendant Grace Cowan that the driver's license was "clear and valid" and offered to confirm that. Defendants further admit that Officer Grace Cowan declined. Defendants further admit that the dispatcher soon thereafter aired that Plaintiff had not been issued a temporary driver's permit and his license had been surrendered. However, Defendants deny the remaining allegations in said paragraph.

11.     With respect to the allegations set forth in paragraph 20 of Plaintiff's Complaint, Defendants admit that in response to the dispatcher's offer to confirm the status of Plaintiff's driver's license, Defendant Grace Cowan stated "Negative, I'm pretty sure he's not valid." Defendants further admit that this information was confirmed soon thereafter by the dispatcher. However, Defendants deny the remaining allegations in said paragraph.

12.     With respect to the allegations set forth in paragraph 22 of Plaintiff's Complaint, Defendants admit that on January 4, 2006, Plaintiff was charged with violations of C.R.S. § 42-2-138(1)(d) (Drove (Motor/Off-Highway) Vehicle Upon Highway When (License Privilege to Drive) was Restrained For Express Consent of Alcohol Related Offense and C.R.S. § 18-8-212 (Bond Violation). However, Defendants deny all remaining allegations in said paragraph.

13.     With respect to the allegations set forth in paragraph 35 of Plaintiff's Complaint, Defendants admit that Police Chief Greg Anderson is ultimately responsible for the implementation and adherence to the policies and procedures enacted by the Gunnison Police Department, as well as for the training provided to peace officers employed by the Gunnison Police Department. However, Defendants are without sufficient knowledge and information to form a belief as to the veracity of the remaining allegations in said paragraph and, as such, deny same.

14.     Defendants incorporate by reference their responses to the allegations realleged in paragraphs 11, 27, 30, and 33 of Plaintiff's Complaint.

15. Unless otherwise expressly admitted, Defendants deny each and every other allegation contained in Plaintiff's Complaint, including any and all allegations contained in the prayer for relief.[1]

## DEFENSES

1. Defendants were lawfully exercising the powers conferred upon them pursuant to C.R.S. §§ 16-3-101, 16-3-102, 16-3-103 and 18-1-707, and were further lawfully exercising their public duties as a law enforcement officers in accordance with the provisions of C.R.S. § 18-1-701.

2. Defendants' conduct was at all times based upon reasonable suspicion and/or probable cause.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted as against these Defendants.

4. The individual Defendants are immune from Plaintiff's claims for relief based on the doctrine of qualified immunity.

5. Plaintiff's damages, if any, were the result of Plaintiff's own actions.

6. Plaintiff's damages, if any, were caused by reason of Plaintiff's acts and conduct, and by Plaintiff's refusal to comply with the reasonable and lawful requests of police officers, not by reason of any tortious or unconstitutional conduct of these Defendants.

7. Some of Plaintiff's claims may be barred by the applicable statute of limitations.

8. Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

---

[1] It should be noted that Plaintiff's Complaint does not contain a paragraph 17.

9.	Plaintiff has failed to reasonably mitigate his alleged damages.

10.	Defendants were, at all times, exercising their legal rights in a permissible manner.

11.	Defendants reserve the right to add such additional defenses as become apparent upon disclosure and discovery.

### REQUEST FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully request the Court to grant relief as follows:

A.	Entering a judgment of dismissal in favor of Defendants and against Plaintiff;

B.	Entering a judgment in favor of Defendants and against Plaintiff for attorney's fees;

C.	Entering a judgment in favor of Defendants and against Plaintiff for costs; and

D.	Such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendants hereby demand that this case be tried to a jury pursuant to Fed.R.Civ.P. 38.

Respectfully submitted,

s/ Eric M. Ziporin
Eric M. Ziporin

s/ Elliot J. Scott
Elliot J. Scott
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0210
E-mail: eziporin@sgrllc.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of June, 2007, a true and correct copy of the above and foregoing **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean McDermott, Esq.
smcdermott@mhmlawfirm.com

s/ Barbara A. Ortell

7