FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00029-RPM-PAC

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling Conference was held on July 10, 2007, at 10:30 a.m. Sean McDermott, 1890 Gaylord Street, Denver, Colorado 80206, telephone (303) 399-6037, appeared on behalf of Plaintiff. Eric M. Ziporin, 1700 Broadway, Suite 1700, Denver, Colorado 80290, telephone (303) 320-6115, appeared on behalf of the Defendants.

### 2. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

The Plaintiff, Buck Maloy Melton, asserts that on January 4, 2006, his Fourth Amendment right to be free from an unreasonable seizure was violated. Mr. Melton was arrested and jailed following the stop and arrest by Officer Grace Cowan. There was no reasonable suspicion for the initial contact and/or probable cause for the arrest. Had Officer Grace Cowan

and Officer Ronald Moore followed the applicable Colorado law during and after their initial contact on January 2, 2006, with Mr. Melton, his Fourth Amendment Rights would not have been violated. The City of Gunnison through its training, policies, procedures, customs and practices is also liable for the actions of Officers Cowan and Moore.

    a.    Defendants:

As set forth in Defendants' Answer, Defendants deny that they violated Plaintiff's Fourth Amendment rights or any other rights protected by the United States Constitution.

With regard to affirmative defenses, Defendants assert the following: Defendants were lawfully exercising the powers conferred upon them pursuant to C.R.S. §§ 16-3-101, 16-3-102, 16-3-103; Defendants' conduct was at all times based upon reasonable suspicion and/or probable cause; Plaintiff's Complaint fails to state a claim upon which relief can be granted as against these Defendants; the individual Defendants are immune from Plaintiff's claims for relief based on the doctrine of qualified immunity; Plaintiff's damages, if any, were the result of Plaintiff's own actions; Plaintiff's damages, if any, were caused by reason of Plaintiff's acts and conduct, and by Plaintiff's refusal to comply with the reasonable and lawful requests of police officers, not by reason of any tortious or unconstitutional conduct of these Defendants; Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff; Plaintiff has failed to reasonably mitigate his alleged damages; Defendants were, at all times, exercising their legal rights in a permissible manner; Defendants reserve the right to add such additional defenses as become apparent upon disclosure and discovery.

2

### 3. UNDISPUTED FACTS

The following facts are undisputed:

1.      Defendants at all times acted under color of state law.

### 4. COMPUTATION OF DAMAGES

Plaintiff contends that he has incurred economic and non-economic damages. The Plaintiff posted a $10,000 bail. This resulted in a direct out of pocket loss of $1,500. The Plaintiff also had legal bills and other economic damages attributable to the Defendants' conduct. These additional economic damages still need to be computed.

The Plaintiff also is seeking non-economic damages to reasonably compensate him for mental anguish, humiliation, and emotional distress caused by the Defendants' actions. These damages are to be determined by the trier of fact.

The Plaintiff reserves his right to seek attorneys' fees and costs which may be recoverable.

Defendants do not seek damages but reserve their right to seek attorneys' fees and costs which may be recoverable.

### 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED.R.CIV.P. 26(f)

a.      A Fed.R.Civ.P. 26(f) meeting was held on June 19, 2007.

b.      Sean McDermott participated on behalf of Plaintiff. Elliot Scott participated on behalf of Defendants.

c.      There are no proposed changes in the requirements of disclosures under Fed.R.Civ.P. 26(a)(1); however, the Parties agreed to exchange their disclosures six days after they were initially due, July 9, 2007.

3

d. Rule 26(a)(1) disclosures were made on July 9, 2007.

e. There are no agreements to conduct informal discovery.

## 6. CASE PLAN AND SCHEDULE

a. Deadline for amendment of pleadings and joinder of parties: September 28, 2007.

b. Discovery cutoff: December 31, 2007.

c. Dispositive motion deadline: January 31, 2008.

d. Expert Witness Disclosure.

   (1) Plaintiff anticipates expert testimony in the fields of Fourth Amendment law and Colorado Motor vehicle law. Defendants anticipate rebuttal testimony in those fields.

   (2) The parties propose that each side be limited to two expert witnesses.

   (3) The parties shall designate all experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before October 12, 2007.

   (4) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before November 23, 2007.

   (5) Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

4

e.  Deposition Schedule

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Buck Melton | October 1, 2007 | 9:00 a.m. | 7 hours |
| Officer Ronald Moore | October 2, 2007 | 9:00 a.m. | 7 hours |
| Officer Grace Cowan | October 3, 2007 | 9:00 a.m. | 7 hours |
|  |  |  |  |

f.  Interrogatory Schedule

All interrogatories and requests for admissions shall be served on or before November 28, 2007.

g.  Schedule for Request for Production of Documents

All requests for production of documents shall be served on or before November 28, 2007.

h.  Discovery Limitations:

(1)  The parties propose that each side be limited to five depositions, excluding expert witnesses.

(2)  The parties do not wish to propose limitations on the length of depositions apart from those set forth in the Federal Rules of Civil Procedure.

(3)  The parties propose that each side be limited to thirty interrogatories.

(4)  The parties propose that each side be limited to thirty requests for production of documents and thirty requests for admissions.

i.  Other Planning or Discovery Orders: None.

## 7. SETTLEMENT

The parties certify that they have discussed the possibility for a prompt settlement at the Fed.R.Civ.P. 26(f) conference, and counsel for Plaintiff indicated that he would submit an initial settlement demand to Defendants. The parties request that a settlement conference be set for a date in November, 2007.

## 8. OTHER SCHEDULING ISSUES

a.  Statement of discovery or scheduling issues: None.

b.  Trial to a jury is expected to last five days. The parties plan to file a stipulated Motion for Protective Order to protect personnel/disciplinary files and other confidential materials.

## 9. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this ___17th___ day of July, 2007

BY THE COURT:

_____
United States District Judge Richard P. Matsch

6

**SCHEDULING ORDER REVIEWED:**

*[signature]*

Sean McDermott
McDermott, Hansen, & McLaughlin, LLP
1890 Gaylord Street
Denver, Colorado 80206
Telephone: (303) 399-6037

*Attorney for Plaintiff*

*[signature]*

Eric M. Ziporin
Senter Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 320-0509

*Attorney for Defendants*