**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

---

**MOTION TO COMPEL**

---

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, submit their Motion to Compel as follows:

**I.    Introduction.**

This Motion concerns Plaintiff's failure to adequately respond to interrogatories and requests for production of documents. Pursuant to Fed.R.Civ.P. 37(c), the present Motion seeks an order from the Court compelling discovery concerning Plaintiff's claims for lost income and employment opportunities. Defendants have already been prejudiced by Plaintiff's failure to provide information regarding his income and employment, as discovery as ended. If and when the Court orders Plaintiff to provide the withheld information, Defendants anticipate the need to reopen discovery.

## II. Plaintiff's Deficient Responses and Compliance with D.C.COLO.LCivR 7.1(A) and Fed.R.Civ.P. 37(a)(2).

In accordance with D.C.COLO.LCivR 7.1(A) and Fed.R.Civ.P. 37(a)(2), undersigned counsel has conferred with Plaintiff's counsel, Sean McDermott, in an attempt to resolve the matter without Court intervention.

On July 20, 2006, Defendants served their First Set of Written Discovery on Plaintiff. On September 20, 2007, Plaintiff served his responses. [Plaintiff's Responses to First Set of Combined Interrogatories, Requests for Admission, and Requests for Production of Documents, appended hereto as **Exhibit A**].

Among the requests in the Defendants' First Set of Written Discovery were requests that sought information regarding any economic loss that Plaintiff claimed. Interrogatory No. 5, for example, requested that Plaintiff identify "all damages…including any economic" injury associated with his claims. [**Exhibit A** at p. 2]. Plaintiff did not identify lost income as a category of damages he sought, and focused primarily on the various costs associated with the criminal proceedings against him and his inability to obtain a real estate license. Interrogatory No. 10 requested that Plaintiff identify previous employment in the past 10 years, if Plaintiff claimed lost income. [**Exhibit A** at p. 3]. Plaintiff stated that he was self employed, and that he was going to work for a real estate agent in the future when he got his license. [**Exhibit A** at p. 3]. Interrogatory No. 12 requested that Plaintiff quantify his lost income. [**Exhibit A** at pp. 3-4]. Plaintiff responded by referring to a previous response in which he stated that his income for the prior two years was $215,000. [**Exhibit A** at p. 4].

Finally, Request for Production Nos. 6 and 7 requested signatures on releases for tax and employment records, if Plaintiff claimed lost income or inability to earn income. [**Exhibit A** at

2

p. 7]. Plaintiff objected to the request for tax records and stated that he would provide copies of checks in the future. [**Exhibit A** at p. 7]. Plaintiff did not respond to the request for employment records, claiming only that the request was "not applicable." [**Exhibit A** at p. 7].

Given the lack of clarity in these responses about what damages Plaintiff claimed, Defendants inquired about these matters in Plaintiff's deposition on October 2, 2007. [Transcript of Plaintiff's Deposition, appended hereto as **Exhibit B**]. In the deposition, Plaintiff clarified that he was seeking lost income from a financial consulting business and lost wages associated with the "odds and ends" he performed for a real estate company while allegedly trying to obtain a real estate license. [**Exhibit B** at pp. 20-21, 34-35].

Thereafter, on October 26, 2007, Defendants sent a letter to Plaintiff's counsel serving additional written discovery and requesting supplementation of Plaintiff's previous responses. [Letter from Ziporin to McDermott, appended hereto as **Exhibit C**]. The letter noted that Plaintiff had explicitly claimed lost income and wages in the deposition, and that Defendants were therefore entitled to any evidence supporting such a claim, including signatures on previously provided tax and employment releases. Defendants' Second Set of Written Discovery contained requests seeking information supporting Plaintiff's claim that he had sought a license to sell real estate. [Defendants Second Set of Requests for Production of Documents, appended hereto as **Exhibit D**].

Plaintiff's responses to the Second Set of Written discovery were due by November 29, 2007. As of the date of this Motion, Plaintiff has still not provided such a response. Though there have been numerous telephone and in-person conversations with Mr. McDermott, and several emails concerning the lack of response, Plaintiff has neither moved the Court for an

3

extension of time to respond nor provided a valid reason for the delay in response. Since late November, undersigned counsel has conferred with Mr. McDermott regarding this Motion, and in the hope of avoiding Court intervention, has delayed the filing of this Motion to allow Plaintiff time to provide responses. But in the first week of January, Mr. McDermott informed undersigned counsel that Plaintiff refused to sign a tax release and would not do so, but that Plaintiff would eventually provide the other documents Defendants seek. To date, the only document provided to Defendants is a two-page account record from Alaron, appended hereto as **Exhibit E**.

Undersigned counsel informed Mr. McDermott that Defendants would have little choice but to file their Motion.

### III.     Argument.

When a party serves written interrogatories and requests for production of documents on another party, the answering party has thirty days to respond in writing to the requests. Fed.R.Civ.P. 33 and 34. An extension of time to respond to written discovery must be sought through the Court. *See* D.C.COLO.LCivR 7.1.

Fed.R.Civ.P. 26(e)(2) requires that a party timely amend and supplement discovery responses when the answering party learns that the response is incorrect or incomplete. "Information is 'incomplete or incorrect' in 'some material respect' if there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Sender v. Mann*, 225 F.R.D. 645, 654 (D. Colo. 2004). As a sanction for failing to timely supplement, Fed.R.Civ.P. 37(c) provides that the non-complying party may not use the subject evidence "at a trial, at a hearing, or on a

4

motion," unless the failure is harmless. A failure to disclose is harmless when there is no prejudice to the party entitled to the disclosure. *Sender*, 225 F.R.D. at 656. "The following factors should guide its [determination of whether prejudice exists]: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc., v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999). Application of this standard to each incomplete response follows below.

        A.     <u>Tax Releases</u>.

As indicated above, Plaintiff has failed to execute tax releases. Though Plaintiff and his attorney have not pressed the argument during conferral, Plaintiff previously objected to the request. Plaintiff provided no basis for the objection apart from the following: "See *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005) and *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977)." [**Exhibit A** at p. 7]. Though such an objection without any argument is inadequate on its face, the cases cited by Plaintiff are inapposite.

First, the *Alcon* case is a Colorado state case that concerns the privacy of medical records. Even if it were applicable to tax records, state law privileges are not relevant in federal court for a federal claim. *See Sprague v. Thorn Ams.*, 129 F.3d 1355, 1369 (10th Cir. 1997). Second, the *Payne* case concerns a plaintiff's attempt to compel disclosure of a defendant's tax records to show that the defendant was under financial pressure at the time of the incident. *Payne*, 75 F.R.D. at 469. The Court rightly concluded that the defendant had privacy interests that trumped the plaintiff's discovery objectives. *Id*. The instant case is much different. Here, it is

5

Defendants who seek tax records from Plaintiff.  Plaintiff brought this lawsuit and has made his income an issue, waiving the privacy interests that he has in his income and tax records.  Plaintiff bears the burden of proof on the issue of his income, and Defendant is entitled not only to the Plaintiff's preferred evidence of income, but of verification of that income through discovery of its choosing.

That Defendants are entitled to these records is axiomatic, and the practice of a defendant obtaining a plaintiff's tax records has been approved by this Court.  *See Vinton v. Adam Aircraft Indus.*, 232 F.R.D. 650, 663 (D.Colo. 2005) (granting motion to compel plaintiff's tax returns where damages included a loss of earnings that fell "within the broad reach of Fed.R.Civ.P. 26(b)(1)"); *cf. Ashby v. McKenna*, 110 Fed. Appx. 86, 87-88 (10th Cir. 2004) ("it is prudent litigation practice to obtain a formal release for all relevant [medical] records, to confirm that records…are comprehensive and complete, and resistance to such confirmation is itself prejudicial").  Plaintiff has put his income at issue and Defendants are entitled to confirm that Plaintiff's representations about his income are comprehensive and complete, and to confirm that he did in fact earn the claimed income during the previous six years.

Plaintiff's failure to provide these tax releases has been prejudicial to Defendants.  Discovery in this case has now come to a close and Defendants have never had any independent verification of Plaintiff's claimed sources of income.  Defendants have never been provided with the records that might lead to material for impeachment of Plaintiff's claims to lost income.  The prejudice is clear.  At trial, Plaintiff will attempt to prove his income, and Defendants are entitled to documents that form the basis of this proof.  The Court should therefore order Plaintiff to provide his signature for releases of tax information.  Untimely and selective disclosure (and

6

withholding) of income information will clearly present an unfair surprise that will prejudice Defendants, who at present have no ability to conduct further discovery. *See Woodworker's* 170 F.3d at 993.

On this issue in particular, it is clear that Plaintiff has been willful and has acted in bad faith. Given the representations of Mr. McDermott, Plaintiff simply refuses to sign the releases for tax information. Since there is no legal basis for such a refusal, and since lost income forms the bulk of Plaintiff's claimed damages, Defendants have been prejudiced.

B. Employment Releases.

Plaintiff has not objected the request for employment records through the use of employment releases. [**Exhibit A** at p. 7]. Plaintiff did not initially provide them because he claimed they were "not applicable." However, since Plaintiff's deposition it is apparent that Plaintiff did have employers before and after the incident, and that he claims as damages certain wages that he earned from that employment. Since Plaintiff has provided no timely objection to the request, his failure to respond is simply a willful refusal to comply with the Federal Rules of Civil Procedure. Defendants have been prejudiced by this lack of response, as employment records from Plaintiff's employers are essential to investigation of Plaintiff's claimed damages for lost income and wages.

C. Real Estate License Information.

Plaintiff has never provided any response to Defendants' Second Set of Written Discovery. No timely objections have been lodged, nor has Plaintiff moved the Court for relief from the deadline, which elapsed over a month ago. The information regarding Plaintiff's

alleged real estate license and his attempts to obtain the license are essential to evaluating his claims for lost income and wages, and lost opportunities for future employment.

Defendants request that the Court compel production of these documents, as they are essential to an investigation of Plaintiff's claim for lost income and wages.

### IV.     Conclusion.

For the reasons stated above, Defendants are entitled to signed releases for tax information and employment records, as well as responses to Defendants' Second Set of Written Discovery.  Defendants request that the Court order Plaintiff to immediately provide these documents and responses, as Defendants have already suffered prejudice by Plaintiff's continued delay and refusal to respond.

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*

s/ Elliot J. Scott
*Elliot J. Scott*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone:  (303) 320-0509
FAX:  (303) 320-0210
E-mail: eziporin@sgrllc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on this 9th day of January, 2007, a true and correct copy of the above and foregoing **MOTION TO COMPEL** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

  Sean McDermott, Esq.
  smcdermott@mhmlawfirm.com

                s/ Barbara A. Ortell

9

00294650.DOC