# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number:07-CV-00029-RPM-PAC

BUCK MALOY MELTON,

     Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, Individually; and OFFICER GRACE COWAN, Individually,

     Defendants.

---

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

---

Plaintiff, Buck Maloy Melton, by his attorney, Sean M. McDermott, of the law firm of McDermott, Hansen & McLaughlin, LLP, responds to Defendants' **FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** as follows:

### INTERROGATORIES

1. Please describe in detail how the alleged INCIDENT on January 2, 2006 occurred, including your actions prior and subsequent to the INCIDENT.

**Response to Interrogatory 1:** On January 2, 2006 I woke up about 8:00 a.m. I looked through the refrigerator for breakfast and decided to go to the grocery store and then to take the food to a friend's house to cook and eat. In route to the store I was stopped and arrested for a DUI. The previous night I had made a few drinks about 8:00 p.m. and finished about 11:00 p.m. I continued reading until about 2:00 a.m. and went to bed. Upon release from jail I went home to sort out what had happened.

2. State the nature, quantity, time and location of consumption, and names of PERSONS present during consumption, of any alcoholic beverages, marijuana, or any other drug, prescribed or not, ingested by you within the 24 hours prior to the INCIDENT on January 2, 2006.

**Response to Interrogatory 2:** The events stated in Interrogatory 1. No other drugs were consumed. I was alone that evening.

3. Please describe in detail how the alleged INCIDENT on January 4, 2006 occurred, including your actions prior and subsequent to the INCIDENT.

**Response to Interrogatory 3:** On January 4, 2006 I was stopped for no reason and arrested for purportedly having a revoked license.

4. State the nature, quantity, time and location of consumption, and names of PERSONS present during consumption, of any alcoholic beverages, marijuana, or any other drug, prescribed or not, ingested by you within the 24 hours prior to the INCIDENT on January 4, 2006.

**Response to Interrogatory 4:** No alcohol or drugs were consumed.

5. Describe in detail all damages alleged in this lawsuit, including any economic, physical, mental, and/or emotional injury you attribute to the INCIDENT.

**Response to Interrogatory 5:** Damages as a result of these incidents were many and varied. If convicted of these crimes I would have been labeled a habitual driving offender (felony) and that would have resulted in many years of jail; the end of my life as I know it. That weighed heavily upon me, my well being and my prospects for the future. The initial $500 for bail on January 2, and $1,500 for bail on January 4, as well as the legal fees for my defense for both incidents. The mental and emotional costs were, among other things, humiliating, damaging, and a detriment to relations to both family and friends. What is the cost of loss of driving privileges? At the time I was engaged in obtaining my Real Estate License. What is the cost of lost opportunities? The costs incurred for having friends and family drive me about include but were not limited to money for gas (and not just for my needs), lunches and other food, several hotel bills, and additional money out of pocket.

6. If you received any consultation, examination or treatment from a health care provider for any injury you attribute to the INCIDENT, for each health care provider, please state the name, ADDRESSES, and telephone number, the type of consultation, examination, or treatment provided, the date s you received consultation, examination, or treatment, and the charges to date.

**Response to Interrogatory 6:**

Not applicable.

7. If at any time before the INCIDENT, you had complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT for each complaint or

injury, please state a description, the dates it began and ended, and the name, ADDRESSES, and telephone number of each health care provider whom you consulted or who examined or treated you.

### Response to Interrogatory 7:

Not applicable.

8. If at any time after the INCIDENT you sustained injuries of the kind for which you are now claiming damages for each INCIDENT, please state the date and place it occurred, the name, ADDRESSES, and telephone number of any other PERSON involved, the names of any injuries you sustained, the name, ADDRESSES, and telephone number of each health care provider that you consulted or who examined or treated you, and the nature of the treatment and its duration.

### Response to Interrogatory 8:

Not applicable.

9. If you are claiming physical and/or emotional injury as a result of the INCIDENT, list any and all HEALTH CARE PROVIDERS from whom you have received treatment within the past 10 years, including the name and ADDRESSES of each health care provider, the complaints for which the treatment was given, and the nature and duration of the treatment.

### Response to Interrogatory 9:

No. Refer to Interrogatory 5.

10. If you are claiming economic loss in the form of lost income, state the name, ADDRESSES, dates of employment, job title and nature of work for each employer or self-employment you have had from 10 years before the INCIDENT until today.

**Response to Interrogatory 10:** I was in the process of obtaining my Real Estate License and was going to go to work for Gunnison Real Estate and Rental. I am self-employed. I do work on the internet, financial interests, and represent others managing accounts.

11. If you are claiming economic loss in the form of lost income, state your monthly income at the time of the INCIDENT and how the amount was calculated.

**Response to Interrogatory 11:** My income is not monthly. The two years prior to this incident I made $215,000 in the form of checks payable from my financial broker.

12. If you are claiming economic loss in the form of lost income, state the total

3

income you have lost to date as a result of the INCIDENT and how the amount was calculated.

**Response to Interrogatory 12:** Refer to Interrogatory 11. Again, what is the cost of lost opportunities?

13.   If you are claiming you will lose income in the future as a result of the INCIDENT, please state the facts upon which you base your contention, an estimate of the amount, an estimate of how long you will be unable to work, and how the claim for future income is calculated.

**Response to Interrogatory 13:** Loss of mobility resulted in an end to aspirations of a Real Estate career. It also put an end to business dealings as I was possibly going to jail for a lengthy period of time; that being a major hindrance until the trial was over. Loss of mobility made it impossible to attend trade shows, seminars, expositions, or to consult with others in the industry as well as much needed face to face time with mentors. Plans had been made to attend a Mining and Natural Resources Conference in Vancouver, Canada, which was vital to my financial well-being.

14.   Except for this action, if you have filed an action or made a written claim or demand for compensation for personal injuries and/or property damage in the last 10 years, for each action, claim, or demand, please state the date, time, and place and location of the INCIDENT, the name, ADDRESSES, and telephone number of each PERSON against whom the claim was made or action filed, the court, names of the parties, and case number of any action filed, the name, ADDRESSES, and telephone number of any attorney representing you and whether the claim or action has been resolved or is pending.

**Response to Interrogatory 14:** Ten or more years ago I had a lawsuit against the City of Denver. I do not have all the specifics available.

15.   If you have made a written claim or demand for workers' compensation benefits in the last 10 years, for each claim or demand, please state the date, time, and place of the INCIDENT giving rise to the claim, the name, ADDRESSES, and telephone number of your employer at the time of the injury, the name, ADDRESSES, and telephone number of the workers' compensation insurer and the claim number, the period of time during which you received workers' compensation benefits, a description of the injury, the names, ADDRESSES and telephone number of any HEALTH CARE PROVIDER that provided services, and the case number at the Workers' Compensation Appeals office.

**Response to Interrogatory 15:** No.

16.   Describe in detail all facts which support the allegation that the City of Gunnison Police Department maintained "a list" of criminal suspects to be contacted and that YOUR names was on that list.

4

**Response to Interrogatory 16:** After license and registration, the first words out of Officer Moore's mouth (January 2) upon seeing my drivers license were, "Oh, you're Buck Melton. You're on a list and we've been looking for you." Just what list this is and who maintains it are very questionable. Whether that list comes from the Gunnison Police Department or from whomever or wherever else are questions that need to be answered.

17. Describe in detail all facts which support the allegation in paragraph 28 that Defendant Ronald Moore violated YOUR Fourth Amendment right to be free from unreasonable search and seizure by not issuing you a temporary driver's permit.

**Response to Interrogatory 17:** That is a legal answer for my attorney to answer. Please see Complaint especially ¶¶ 1-16 and 25. Officer Moore's conduct set the chain of the complained of events in motion.

18. Describe in detail all facts which support the allegation in paragraph 36 that "[t]he City of Gunnison, through its training, policies, procedures, customs and practices, exhibited a reckless indifference to the Constitutional rights of persons in the City of Gunnison . . . ."

**Response to Interrogatory 18:** This calls for a legal conclusion. Please see complaint. Upon information and belief the Plaintiff asserts that the City of Gunnison did not properly educate the officers and/or supervise them with respect to the Colorado Express Consent law and the Fourth Amendment to the United States Constitution and Article II §§ 7 and 25 of the Colorado Constitution.

## REQUESTS FOR ADMISSIONS

1. Admit that on January 2, 2006, Defendant Ronald Moore explained to **YOU** the law of Colorado Express Consent.

**Response to Request for Admissions 1:** No, not to my understanding.

2. Admit that on January 2, 2006, **YOU** refused all testing of your breath or blood for alcohol.

**Response to Request for Admissions 2:** No, I was denied the opportunity in the car and the police station.

3. Admit that on January 2, 2006, Defendant Ronald Moore explained to **YOU** that if **YOU** refused to sign the Express Consent Affidavit and Notice of Revocation that he could not issue **YOU** a temporary driver's permit.

**Response to Request for Admissions 3:** No. Officer Moore did not explain the pile of paperwork. And why did Officer Moore not issue the permit?

4. Admit that on January 2, 2006, **YOU** refused to sign the Express Consent Affidavit and Notice of Revocation.

**Response to Request for Admissions 4:** No. Without an understanding of what is being signed, and its implications, I do not consider it a refusal to sign some form without due consultation. That would be relinquishing my right to counsel.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all **DOCUMENTS** and things concerning any investigation of the **INCIDENT** in this case.

**Response to Request for Production of Documents 1:** None.

2. Any and all **DOCUMENTS** and things concerning any investigation of the incident in this case.

**Response to Request for Production of Documents 2:**

None.

3. Andy [sic] and all **DOCUMENTS** supporting **YOUR** claims for damages in this case.

**Response to Request for Production of Documents 3:**

Forthcoming.

4. Any and all statements from witnesses having knowledge of the facts relevant to the claims listed in Plaintiffs' Amended Complaint.

**Response to Request for Production of Documents 4:** None that have not already been disclosed.

5. Any and all statements, summaries, diaries, memoranda, or other writings by **YOU** describing any of the circumstances of, leading up to, or subsequent to the **INCIDENT** described in the Complaint.

**Response to Request for Production of Documents 5:** There are not any in existence. Anything that may come into existence is protected by the attorney client privilege.

6. If **YOU** are claiming lost income or inability to earn income in the future as a result of the **INCIDENT**, copies of **YOUR** income tax returns and W-2 forms for the years 2000 through 2006. (In lieu of a response to this Request for Production of Documents, please provide your notarized signature to the Request for copy of Tax Return appended hereto.)

**Response to Request for Production of Documents 6.** Objection. See *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977). The Plaintiff is awaiting copies of checks made payable to him that verify his income. (See answer to Interrogatory 11). These will be produced as soon as they are received.

7. If **YOU** are claiming lost income or inability to earn income in the future as a result of the **INCIDENT**, copies of employment records from **YOUR** employers within the last 10 years. (In lieu of a response to this Request for Production of documents, please provide your notarized signature to the release for employment information appended hereto.)

**Response to Request for Production of Documents 7:**

Not applicable..

8. If you are claiming physical and/or emotional injury as a result of the **INCIDENT**, medical records from any and all physicians, chiropractors, therapists, psychologists, psychiatrists, counselors, or other **HEALTH CARE PROVIDERS** who treated or examined **YOU** after the date of the **INCIDENT** for any injuries and/or emotional pain and suffering which occurred as a result of the **INCIDENT**. (In lieu of a response to the Request for Production of Documents, please provide your notarized signature to the release for medical information appended hereto.)

**Response to Request for Production of Documents 8:**

Not applicable.

9. If **YOU** are claiming physical and/or emotional injury as a result of the **INCIDENT**, medical records from any and all physicians, including mental health care professionals, who treated **YOU** for any injuries and/or emotional pain and suffering prior to the **INCIDENT** that involved the same part of your body claimed to have been injured in the **INCIDENT**. (In lieu of a response to this Request for Production of Documents, please provide your notarized signature to the release for medical information appended hereto.)

**Response to Request for Production of Documents 9.**

Not applicable.

7

10. All bills incurred or other evidence of special damages with reference to the injuries and damages alleged in the Complaint, including, but not limited to, **DOCUMENTS** related to posting a bond, attorney's fees paid, bills for medical treatment, charges for prescriptions, drugs, medical appliances or prosthetic devices, receipts for transportation, and summaries of damages.

**Response to Request for Production of Documents 10:**

Forthcoming.

11. Copies of all records showing payments made by **YOU**, to **YOU**, or on your behalf, by any insurance company, governmental agency, or person for the bills, charges, and losses incurred as a result of this **INCIDENT**.

**Response to Request for Production of Documents 11:**

Not applicable.

12. Copies of any liens held by any insurance companies with respect to benefits paid as a result of the **INCIDENT** and documents reflecting assignments of any such liens.

**Response to Request for Production of Documents 12:**

Not applicable.

13. Copies of any liens held by any **HEALTH CARE PROVIDER** with respect to medical services provided as a result of the **INCIDENT** and documents reflecting assignments of any such liens.

**Response to Request for Production of Documents 13:**

Not applicable.

14. Copies of all expert reports/opinions, curriculum vitae or professional resumes, and any file materials of any expert witness employed by **YOU** to render an opinion with regard to any allegations contained in the Complaint.

**Response to Request for Production of Documents 14:**

At this time there are none.

15. Any and all **DOCUMENTS** which support your answers to any of the above

Interrogatories.

**Response to Request for Production of Documents 15:** Forthcoming.

_____  19 September 2007
Buck Maloy Melton

STATE OF COLORADO    )
                     )ss.
COUNTY OF Denver     )

The above and foregoing was subscribed and sworn to before me by **BUCK MALOY MELTON** September 19, 2007.

**WITNESS MY HAND AND OFFICIAL SEAL.**

My Commission expires: 12-19-09

_____
Notary Public

Date: 9/20/07

Sean M. McDermott
McDermott, Hansen & McLaughlin, LLP
1890 Gaylord Street
Denver, Colorado 80206
Telephone: 303-399-6037;   Fax: 303-322-3423
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have this 20th day of September, 2007, sent by both United States mail, postage prepaid, and by e-mail the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** to:

Eric M. Ziporin
Elliott J. Scott, Esq.
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
eziporin@sgrllc.com
escott@sgrllc.com

/s/ Bonnie West