EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

## AFFIDAVIT OF PETER LAWRENCE

Affiant, **PETER LAWRENCE**, after being duly sworn, states as follows:

1. I am the Continuing Education Coordinator for the Colorado State Patrol, and I have personal knowledge of the facts set forth below.

2. My duties as Continuing Education Coordinator include providing training and education to Colorado State Troopers regarding arrests for driving while intoxicated and the use of related forms issued by the Colorado Department of Revenue.

3. I have been asked to review the facts of this case. I have not been paid or compensated in any way for evaluating this case or rendering this opinion.

4. The specific nature of the my evaluation was to review the administrative portion of a Driving Under the Influence case involving Mr. Melton and Officer Moore, with respect to the issuance of a temporary driving permit as part of the Express Consent Affidavit and Notice of Revocation, DR 2576 (02/01/06).

5. I have reviewed the report submitted by Gary F. Pirosko, Esq., the Plaintiff's expert. I have also reviewed the depositions of Mr. Melton, Captain Anderson and Officer Cowan.

6. The documents indicate that the criminal case against Mr. Melton began on January 02, 2006, when Mr. Melton was arrested, by Officer Moore, for driving under the influence of alcohol and a traffic violation involving a traffic control device. After refusing to submit to a chemical test, as required by the Colorado Express Consent law, Officer Moore presented Mr. Melton an Express Consent Affidavit and Notice of Revocation, DR 2576 (02/01/06) form and requested a signature. Mr. Melton refused to sign the DR 2576 (what has been called "The Express Consent form") and was subsequently not given a temporary driver's license.

7. The actions by Officer Moore are consistent with the training I provide to the State Patrol today as the Standard Field Sobriety Test (SFST) State Coordinator and the Academy SFST Instructor as well as the training I received twelve years ago as a Cadet. I advise all students I teach not to give a temporary permit to an individual if that individual refuses to sign the DR 2576.

8. Mr. Pirosko, in his report, sites C.R.S. 42-2-126 II (b), "…shall issue a temporary permit which is valid for seven days after its date of issuance." This appears to be the argument against Officer Moore, in that he did not do as the statute requires.

9. Under C.R.S. 42-2-126 II (d), the statute continues to lay the foundation for the DR 2576, as it pertains to "The Department." In C.R.S. 42-1-102 (24) "'Department' means the

2

department of revenue of this state acting directly or through its duly authorized officers and agents."

10. C.R.S. 42-2-126 II (d) states, "The department shall provide forms for notice of revocation and for temporary permits to law enforcement agencies. The department shall establish a format for the affidavits required by this section and shall give notice of such format to all law enforcement agencies which submit affidavits to the department."

11. The established format for the affidavits and temporary permits states,

TEMPORARY PERMIT
This entire notice and order is a temporary permit which expires on the seventh (7th) day after the date of notice* when indicated below and when signed by both you and the peace officer."

12. The department has established a format pursuant to C.R.S. 42-2-126 II (d). The Respondent must sign the affidavit in order to receive the temporary permit which is then valid for seven days from the date of notice.

13. Based on my experience as a law enforcement officer and my experience as an SFST instructor, it is my opinion that Officer Moore did exactly as he was required to do on January 02, 2006. Under no circumstances should a temporary permit have been issued to Mr. Melton. When he refused to sign the affidavit he resigned his privilege to obtain a temporary permit.

3

FURTHER AFFIANT SAYETH NAUGHT.

_____
Peter Lawrence

STATE OF COLORADO    )
                                          )ss.
COUNTY OF                      )

SUBSCRIBED AND SWORN to me before this __18th__ day of January, 2008, by Peter Lawrence.

By _Sunny M. Bean_
Notary Public
My Commission Expires: 5/24/2009

4