IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, and pursuant to Fed.R.Civ.P. 56, hereby submit their Reply in Support of Motion for Summary Judgment as follows:

### I.     INTRODUCTION

As illustrated by the Plaintiff's Response, the facts of this case are largely undisputed. Only legal questions remain. Though Plaintiff's Fourth Amendment claim turns exclusively on a reasonableness inquiry, there are tangential issues concerning a dispute over the interpretation of Colorado's law regarding the issuance of temporary driving permits after a person is arrested for driving under the influence of alcohol. These issues of purely Colorado law have never been

addressed by the state courts (neither Plaintiff nor Defendants can point to any binding decisions of the Colorado Court of Appeals or Supreme Court on point). The parties vigorously dispute these *legal* issues, and the resultant uncertainty weighs heavily in favor of qualified immunity. This uncertainty also makes it impossible for Plaintiffs to successfully demonstrate that the City's policies and procedures violate the Fourth Amendment. But perhaps more importantly, regardless of the how the DUI statute should be read, Plaintiff has failed to demonstrate that either the officers' actions or the City's policies are unreasonable under the Fourth Amendment.

This Reply will briefly address a number of factual issues and turn to the legal issues presented.

## II.     UNDISPUTED FACTS

In his Response, Plaintiff does not challenge any of Defendants' undisputed facts. Plaintiff does supply his own rendition of these facts, which for the most part do not contradict anything in Defendants' own statement. However, Defendants address several factual issues below.

In Plaintiff's ¶ 11, he at first claims that it is disputed that Plaintiff surrendered his driver's license to Officer Moore pursuant to Colorado law. However, in the very same paragraph, Plaintiff admits that "Plaintiff asserts that he followed the law by surrendering his driver's license." It is not clear whether the "he" in that sentence refers to Plaintiff or Officer Moore, but either reading leads to the same result: Plaintiff surrendered his license to Officer Moore pursuant to Colorado law.

In Plaintiff's ¶ 27, he alleges that "the dispatch operator was most likely relying on a computer version of Officer Moore's file when she determined that Mr. Melton was not issued a

2

permit and therefore should not be driving." For this proposition, Plaintiff offers no citation to the record, for indeed none support it. Later in the same paragraph, Plaintiff points to his "Exhibit 3 p. 47-49." Notably, Plaintiff's Exhibit 3 does not contain pages 47-49. Plaintiff can come forward with no evidence to support the allegations in ¶ 27.

In his argument section, Plaintiff also mentions the substantive testimony of their purported expert, Gary Pirosko. Plaintiff first cites Mr. Pirosko's deposition at pp. 20-21 for the proposition that "[t]he understanding has always been that when an officer takes a license he or she gives a temporary permit." [Response at 13]. Plaintiff does not suggest who has always had this understanding, but the cited portion of the deposition reveals that this is Mr. Pirosko's own understanding, based on his experience as a police officer from 1981 to 1989. Plaintiff does not explain how Mr. Pirosko's opinion is relevant to this case, as his only knowledge of police training is based on information that has been stale for almost twenty years. Mr. Pirosko has no knowledge of how current police officers are trained on the notice of revocation forms or the DUI statute. [**Exhibit J** at p. 88, ll. 16-21]; *compare Zuchel v. City and County of Denver*, 997 F.2d 730, 742-743 (10th Cir. 1993) (recognizing that the proper subject of expert testimony by police experts concerns current "generally accepted police practices"). The cited testimony is therefore simply irrelevant to the issues at hand.

Plaintiff also refers to various forms that Mr. Pirosko brought to his deposition. These documents are not authenticated and are otherwise inadmissible hearsay. Mr. Pirosko's speculations about the intent of the officers who allegedly wrote on the forms, or the circumstances under which they are issued, are not admissible on summary judgment. *See* Fed.R.Civ.P. 56(e)(1) ("supporting or opposing affidavits must be made on personal knowledge,

3

set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"). In the same manner as affidavits, other supporting materials and testimony must be admissible in evidence, and the proffered testimony by Mr. Pirosko fails that test.

### III.  ARGUMENT

#### A.  INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

##### 1.  Officer Moore did not violate the Fourth Amendment.

Plaintiff provides no response to Defendants' argument that a violation of state law, or a misreading of a form issued by the Department of Revenue, cannot amount to a Fourth Amendment violation. *See Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988)(citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980))(emphasis in original). Therefore, even if there were facts to establish a violation of Colorado state statute by Officer Moore, that allegation would not create a cognizable federal claim under § 1983. On that basis alone, Plaintiff's claims against Officer Moore must be dismissed.

With respect to Officer Moore's interpretation of C.R.S. § 42-2-126(5), Plaintiff incorrectly states that it is "uncontroverted that Officer Moore violated subsection (b)." [Response at 12]. This is, in fact, the subject of legal dispute in this case. Subsection (b) states that the officer who confiscates a driver's license in a DUI arrest acts "on behalf of the department [of Revenue]" and issues a temporary permit. But the statute does not end there, and Plaintiff's attempt to read these provisions in isolation from the larger statutory scheme runs afoul of Colorado's rules on the interpretation of legislative acts.

4

In evaluating a statute, the Court's goal must be to give effect to the intent of the legislating body. *Colorado Dept. of Revenue v. Woodmen of the World*, 919 P.2d 806, 809 (Colo. 1996). Though the Court first looks to the language of the statute to determine legislative intent, it may consider legislative history if the language is ambiguous. *Woodmen*, 919 P.2d at 809-810. The Court must "adopt a construction that will serve the legislative purpose underlying enactment." *Id.* at 810. An agency interpretation that is not only in conformity with the relevant statutory provision but is reasonably supported by the agency's reasoning and the record is entitled to deference. *Id.* at 817. Further, statutes and ordinances must be read "as a whole" in order to give "harmonious" effect to all of its parts and prevent "illogical or absurd result[s]." *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo. 2005).

The propriety of the Department of Revenue's interpretation of the DUI statute is not at issue here. Yet it is clear from the plain language of subsection (b) that Officer Moore was acting as an agent of the Department when Plaintiff surrendered his license. Officer Moore's duty to provide a temporary permit must be read "as a whole" with the other sections of the statute, which explicitly require the Department of Revenue to "provide forms for notice of revocation and for temporary permits to law enforcement agencies." COLO.REV.STAT. § 42-2-126(d) (2007). The police agencies and individual officers are required to use those forms.[1] *Id.* If a driver does not meet the requirements enunciated in the form, then a police officer cannot issue a temporary permit, lest he violate the requirement to use the form issued by the

---

[1] Plaintiff's distinction between the "content" and "format" of the form is of no avail to his argument. The suggestion that a police agency—much less an individual police officer—could simply discard the content of a form issued by the Department of Revenue, and substitute its interpretation of the statute into the "shape and size" of the document, is preposterous and without any support in the text of the statute. The statute empowers only the Department of Revenue to "provide the forms." COLO.REV.STAT. § 42-2-126(d).

5

Department.  Just as Courts properly give deference to agency interpretations of statutes, *Woodmen*, 919 P.2d at 809-810, police departments and individual police officers must be entitled to give the agency that same deference.

Furthermore, Plaintiff's entire argument avoids the necessary inquiry under the Fourth Amendment—the reasonableness question.  The Court's task in this case is not to determine the meaning of a possibly ambiguous state statute, but to determine whether the record could lead to any other conclusion than that Officer Moore's conduct in this case was reasonable.  The undisputed facts demonstrate that a hearing officer from the Department of Revenue, charged with enforcement of this very provision, who reviewed this case and heard testimony from all of the parties, specifically endorsed Officer Moore's decision to not issue a temporary permit. [Defendants' Statement of Undisputed Facts at ¶¶ 24-26].  Furthermore, it is undisputed that Officer Moore's conduct is consistent with the practice and training of the Colorado State Patrol. [Defendants' Statement of Undisputed Facts at ¶ 27].  In the face of this undisputed evidence, and for reasons stated more fully in Defendants' Motion, it is evident that Officer Moore's actions were reasonable and not in violation of the Fourth Amendment.

2.  <u>Plaintiff has no claim under the Fourteenth Amendment</u>.

Plaintiff's Response inexplicably mentions the Fourteenth Amendment, stating that "taking away someone's driver's license, in the manner that Officer Moore did without a hearing by an independent fact finder is a violation of procedural due process."  [Response at 14]. Plaintiff's only claim in this case arises under the Fourth Amendment, and he has never pled otherwise.  Indeed, his Complaint specifically identifies the alleged constitutional violation as being a Fourth Amendment matter.  [Complaint at ¶ 28].  Though pleading standards are liberal,

6

the Federal Rules of Civil Procedure do not "permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Evans v. McDonald's Corp*, 936 F.2d 1087, 1090-91 (10th Cir. 1991). Allowing such untimely amendments to pleadings "would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Evans*, 936 F.2d at 1091.

Herein, Plaintiff has offered no explanation of this reference to the Fourteenth Amendment, no request for leave to amend his pleadings, and no argument as to why such a significant amendment should be allowed. As such, the Court should disregard this improper reference to claims that have never been pled and never been the subject of discovery in this case. *See Freeman v. White*, 2006 WL 2793139, at *17 (D. Colo. Sept. 28, 2006).

         3.      <u>Officer Moore did not violate clearly established law.</u>

Plaintiff has not met his burden to demonstrate that Officer Moore violated clearly established law. He has come forward with no articulation of the Tenth Circuit or United States Supreme Court precedent that could have put Officer Moore on notice that his conduct was unlawful. Indeed, the undisputed facts of this case indicate that Officer Moore had every reason to believe his actions were reasonable. He followed Colorado state law as it has been interpreted by the Department of Revenue, the Department of Revenue's hearing officer, and the Colorado State Patrol. Even if Plaintiff is correct that the DUI statute is contradictory or vague, this cannot be the basis for imposing liability on Officer Moore.

### 4. Officer Cowan did not violate the Fourth Amendment.

Plaintiff makes no independent argument for Officer Cowan's Fourth Amendment liability, and he has failed to support any claim against her. The Response merely suggests that Officer Cowan also failed "to follow the applicable laws" [Response at 14], though the brief focuses entirely on Moore's conduct. [Response, *passim*]. Plaintiff does not offer any response to the detailed arguments concerning Officer Cowan's actions as set forth in Defendants' Motion, and these should be deemed confessed.

### 5. Officer Cowan did not violate clearly established law.

As with Officer Moore, Plaintiff has not met his burden to demonstrate that Officer Cowan violated clearly established law. He has come forward with no articulation of the Tenth Circuit or United States Supreme Court precedent that could have put Officer Cowan on notice that her conduct was unlawful.

### 6. "Extraordinary Circumstances."

Plaintiff provided no response to Defendants' argument concerning extraordinary circumstances in the qualified immunity inquiry for both Officers Moore and Cowan. This argument has also been confessed, and qualified immunity must apply.

### B. THE CITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FOURTH AMENDMENT *MONELL* CLAIM

As stated above, Plaintiff has come forward with no evidence sufficient to demonstrate a violation of the Fourth Amendment. In the absence of an underlying constitutional violation, no liability may attach to the City. Furthermore, as stated in Defendants' Motion, the undisputed facts demonstrate that the City's training and policy on DUI arrests is consistent with the plain language of the statute and is in compliance with directives from the Colorado Department of

Revenue. Plaintiff has come forward with no argument and no evidence to suggest that a city violates the constitution when it follows a facially valid state statute and the regulations promulgated by the state agency charged with its enforcement. Notably, Plaintiff has never alleged that the DUI statute itself is unconstitutional. Plaintiff only alleges that his interpretation of the statute, which reads key provisions in isolation from one another and is otherwise untenable (as stated above and in the original Motion), is superior. This is simply insufficient to establish a violation of *federal* constitutional law.

## IV.   CONCLUSION

For the reasons stated above and in Defendants' Motion, Defendants are entitled to summary judgment on all of Plaintiff's claims.

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*


s/ Elliot J. Scott
*Elliot J. Scott*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone:  (303) 320-0509
FAX:  (303) 320-0210
E-mail: eziporin@sgrllc.com

*Attorneys for Defendants*

9

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of March, 2008, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean McDermott, Esq.
smcdermott@mhmlawfirm.com

s/ Barbara A. Ortell