IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

Plaintiff,

v.

CITY OF GUNNISON, COLORADO; OFFICER RONALD MOORE, individually, and OFFICER GRACE COWAN, individually,

Defendants.

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, **CITY OF GUNNISON**, **COLORADO**, **OFFICER RONALD MOORE**, and **OFFICER GRACE COWAN**, by their attorneys, **ERIC M. ZIPORIN** and **ELLIOT J. SCOTT** of the law firm of **SENTER GOLDFARB & RICE, L.L.C.**, submit their Notice of Supplemental Authority as follows:

### I.     INTRODUCTION

Defendants filed their Motion for Summary Judgment [Dkt #27] on January 31, 2008. The briefing was complete on March 19, 2008 [Dkt. ##31-32]. The primary issue in the case turned on whether Officers Moore and Cowan violated the Fourth Amendment by allegedly failing to comply with various provisions of Colorado state law. Plaintiff accused Officer Moore of failing to follow a statutory provision purportedly requiring him to issue Plaintiff a temporary license. Likewise, Plaintiff asserted claims against Officer Cowan arising out of Officer Moore's

conduct, as well as a general allegation that she did not "follow the applicable laws" in Colorado. [Response to Motion for Summary Judgment ("Response") at 14].

Defendants argued on summary judgment that a mere violation of state law by Officers Cowan and Moore during the course of Plaintiff's arrest and the administrative procedures that followed could not amount to a violation of the Fourth Amendment. Since the briefing was completed, the United States Supreme Court has clarified a similar issue that bears on the instant case. Defendants therefore provide notice of this development to the Court and Plaintiff herein.

## II.    SUPPLEMENTAL AUTHORITY

In *Virginia v. Moore*, ___ U.S. ___, ___ S. Ct. ___, 2008 WL 1805745 (Apr. 23, 2008) (appended hereto as **Exhibit A**), the Supreme Court addressed whether police officers' violation of state law in arresting a criminal defendant amounted to a Fourth Amendment violation. *Id.* at *2. In *Moore*, the officers arrested the defendant for an infraction which Virginia state law categorized as a non-arrestable offense. *Id.* The defendant argued, and the lower court agreed, that this violation of state law by the officers amounted to a Fourth Amendment violation. *Id.* The Supreme Court reversed in a 9-0 opinion.

The Court ultimately reasoned that though states "are free to regulate…arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." *Id.* at *8. It affirmed that the propriety of arrest and detention by officers is governed under the United States Constitution by the probable cause standard. *Id.* at *6.

This decision bears on the instant case, because like the criminal defendant in *Moore*, Plaintiff here alleges that certain violations of state statutes invalidate his arrest under the Fourth Amendment. In particular, Plaintiff alleges that Officer Moore should have issued Plaintiff a

2

temporary driving permit pursuant to state statute and that the failure to do so constituted a Fourth Amendment violation, invalidating the arrest. Plaintiff also appears to argue that Officer Moore's failure to issue the temporary permit—allegedly in violation of state law[1]—invalidated Officer Cowan's later stop of Plaintiff for driving without a license. [Response at 2]. *Moore* makes clear that the premise of Plaintiff's claim is incorrect as a matter of law: the mere violation of state law does not amount to a violation of the Fourth Amendment. In other words, even if he were correct, Plaintiff's arguments about violations of state law do not alter the undisputed facts which establish that both Officer Moore and Officer Cowan had probable cause and/or reasonable suspicion for the stops and arrests of Plaintiff. [Motion for Summary Judgment, Section V.A.2, 4].

For the reasons stated in the Motion for Summary Judgment, and because of the reasoning in *Virginia v. Moore*, Defendants are entitled to summary judgment on all of Plaintiff's claims.

Respectfully submitted,

s/ Eric M. Ziporin
*Eric M. Ziporin*

s/ Elliot J. Scott
*Elliot J. Scott*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0210
E-mail: eziporin@sgrllc.com
E-mail: escott@sgrllc.com
*Attorneys for Defendants*

---

[1] Of course, Defendants have argued that Officers Cowan and Moore did not violate state law.

3

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of May, 2008, a true and correct copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

Sean McDermott, Esq.
smcdermott@mhmlawfirm.com

                                          s/ Barbara A. Ortell