IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

    Plaintiff,

v.

CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____

On January 2, 2006, Officers Ronald Moore and Grace Cowan of the City of Gunnison, Colorado, Police Department were patrolling the City in a marked patrol car. They initiated a traffic stop of a blue Mazda sedan driven by the plaintiff, Buck Maloy Melton, for failure to stop at the stop sign of a controlled intersection. Officer Moore communicated with the plaintiff and conducted a roadside sobriety test. After observing the plaintiff's physical action and slurred speech, Officer Moore told Mr. Melton that he was under arrest for driving under the influence of alcohol. The plaintiff refused to give consent to any chemical testing of his blood and breath. The plaintiff was taken to the Gunnison County Jail where Officer Moore took the plaintiff's driver's license and showed him the Colorado Express Consent Affidavit and Notice of Revocation Form and explained that by signing the form, Mr. Melton would have a temporary permit to

drive for seven days.  Mr. Melton refused to sign the form and Officer Moore told the plaintiff he could not drive.

Two days later, on January 4, 2006, Officer Cowan driving in her marked patrol car, observed Mr. Melton driving his blue Mazda in Gunnison.  She initiated a traffic stop and arrested the plaintiff for driving without a license.  She based her stop and arrest of the plaintiff on the knowledge that he had not signed the form and the belief that the failure to sign denied him temporary permission to drive.  She also supported the arrest as a violation of the appearance bond Mr. Melton signed when he was released from jail on January 2, 2006, a condition of which was that he must not commit any illegal acts.

The plaintiff in this civil action seeks damages from both officers Moore and Cowan for violation of the Fourth and Fourteenth Amendments to the United States Constitution, contending that his seizure on January 4, 2006, was without reasonable suspicion or probable cause.  The core of this case is a legal dispute concerning the meaning of a Colorado Statute C.R.S. § 42-2-126(5)(b) which provides that upon refusal to cooperate in completing statutorily required tests at the request of a law enforcement officer, the officer shall take possession of the driver's license and "when the officer takes possession of a valid driver's license issued by this state or any other state, the officer, acting on behalf of the department, shall issue a temporary permit which is valid for seven days after its date of issuance."

The Express Consent Form, created by the Colorado Department of Revenue, includes the following two paragraphs:

**SURRENDER OF DRIVER LICENSE**

> Section 42-2-125(5)(b), C.R.S., requires the officer to take possession of any driver license you hold. When you surrender your driver license, the officer may issue a temporary permit that will remain in force for seven (7) calendar days after the date of notice.
>
> **TEMPORARY PERMIT**
> This entire notice and order is a temporary permit which expires on the seventh (7th) day after the date of notice when indicated below and when signed by both you and the peace officer.

The position taken by the two officers in this case that the refusal of Mr. Melton to sign the form denied him the right to a seven day temporary permit was consistent with the training given by the City of Gunnison and the plaintiff claims liability on the City for the failure to train the officers according to the provision of the statute.

It is not necessary for this Court to resolve that legal dispute because the United States Supreme Court in the recent opinion citing *Virginia v. Moore,* ____ U.S. ____, 2008 WL 1805745 (April 13, 2008), has made it clear that the Fourth Amendment is to be applied by the constitutional standard of reasonableness rather than state law limiting authority to arrest. In this case, the City's interpretation of the statute is apparently consistent with that of the Colorado Department of Revenue as demonstrated by the language of the consent form and as applied by the hearing officer who sustained the view of Officers Moore and Cowan that the refusal of the plaintiff to sign the form precluded issuance of a temporary permit. Because the arrest of Mr. Melton on January 4, 2006, was objectively reasonable, no constitutional violation has been shown in this case. Accordingly, it is

ORDERED that the defendants' motion for summary judgment is granted and

judgment shall enter dismissing this civil action with prejudice and awarding the defendants their statutory costs.

DATED: June 4th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge