**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  07-CV-00029-RPM-PAC

BUCK MALOY MELTON,

        Plaintiff,

v.

CITY OF GUNNISON, COLORADO, OFFICER RONALD MOORE, Individually and OFFICER GRACE COWAN, Individually

        Defendants.

---

**MOTION TO RECONSIDER THE COURT'S ORDER GRANTING SUMMARY JUDGMENT
AS APPLIED TO THE CITY OF GUNNISON**

---

Mr. Melton through counsel respectfully moves this Court to reconsider its order granting Summary Judgment on behalf of the Defendant the City of Gunnison (Document 35) that was issued on June 4, 2008.  Mr. Melton states the following:

**INTRODUCTION**

1.      On May 9, 2008, the defendants Ronald Moore, Grace Cowan and the City of Gunnison filed *Defendants' Notice of Supplemental Authority* (Document 33) to buttress their arguments regarding their previously filed *Defendants' Combined Motion For Summary Judgment and Memorandum Brief in Support* (Document 27).

2.      Although, the Defendants not only cited the case of *Virginia v. Moore,* \_\_\_\_ U.S. \_\_\_\_\_, 2008 WL 1805745 (April 13, 2008) but also laid out arguments in this *Notice of*

*Supplemental Authority* the Plaintiff did not respond. This was not due to a lack of caring by the Plaintiff or the Plaintiff conceding an argument. Rather it was due to a combination of factors.

3.  Immediately prior to the filing of the supplemental authority, Plaintiff's counsel had been hospitalized for four days due to a negative reaction to medication. Shortly after this, Plaintiff's counsel had a death in the family. The parties never conferred prior to the filing of Document 33. Since the *Defendants' Notice of Supplemental Authority* (Document 33) is not a regularly filed Motion requiring a response, the Plaintiff had not filed a motion requesting an enlargement of time. In retrospect, Plaintiff's counsel should have filed a pleading requesting a specific amount of time to respond. For these reasons and the reasons given *infra* Mr. Melton respectfully requests this Court to reassess its order and not grant summary judgment in favor of the City of Gunnison.

4.  Mr. Melton's position is that the case cited by the Defendants does not absolve the City of Gunnison of liability.

**THE LEGAL ISSUE AT HAND**

5.  On page three of the order this Court summarizes the parties' positions stating, "The position taken by the two officers in this case that the refusal of Mr. Melton to sign the form denied him the right to a seven day temporary permit was consistent with the training given by the City of Gunnison and the Plaintiff claims liability on the City for the failure to train the officers according to the provisions of the statute."

6.  The Court stated that, "It is not necessary for this Court to resolve that legal dispute because the United States Supreme Court in the recent opinion citing *Virginia v. Moore,* ____ U.S.

____, 2008 WL 1805745 (April 13, 2008), has made it clear that the Fourth Amendment is to be applied by the Constitutional standard of reasonableness rather than state law limiting authority to arrest.  <u>In this case, the City's interpretation of the statute is apparently consistent with that of the Colorado Department of Revenue as demonstrated by the language on the consent form and as applied by the hearing officer who sustained the view of Officers Moore and Cowan that the refusal of the Plaintiff to sign the form precluded issuance of a temporary permit</u>.  Because the arrest of Mr. Melton … was objectively reasonable, no constitutional violation has been shown in this case.

## LEGAL ARGUMENT

7.	There is no disagreement among the parties or the Court that the state of Colorado has issued Express Consent Forms that are contrary to C.R.S. § 42-2-126(5)(b) which provides that upon refusal to cooperate in completing statutorily required tests at the request of a law enforcement officer, the officer shall take possession of the driver's license and "when the officer takes possession of a valid driver's license issued by this state or any other state, the officer, acting on behalf of the department,<u> shall issue a temporary permit which is valid for seven days after its date of issuance.</u>"

8.	There is no dispute that the City of Gunnison did not train these officers in accordance with the statute.  The fact that the State of Colorado could have been a party to this suit does not absolve the City of its duty to follow the law and train its officers to follow the law.  Had they done this, Mr. Melton would not have been arrested on January 4, 2006 after the Officer Moore and Cowan executed the first arrest on January 2, 2006.  These two defendants essentially concede that had they been trained correctly, they would have followed Colorado law

on January 2 by issuing a temporary permit, and that the seizure on January 4 would not have occurred.

9.   It is unreasonable and even reckless for the City of Gunnison and the Colorado Department of Revenue to not follow the law.  Had it not been for their disregard of the law the seizure of Mr. Melton would not have occurred.  Using basic principles of statutory construction, the City of Gunnison could have easily ascertained that it was not training its officers in accordance with applicable law.  If a citizen is presumed to know the law, the city that is charged with enforcing the law should be aware of what the law is and it should train its officers to correctly enforce the law.

> 10.   When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction, since in that instance it reasonably may be presumed that the General Assembly meant what it said. When ascertaining legislative purpose, we give words their commonly accepted and understood meaning. <u>Where the word 'shall' is used in a statute, it is presumed to be mandatory.</u>
> *East Lakewood Sanitation Dist. V. District Court,* 842 P.2d 233 at 235 (quotations and strength citations omitted).

> 11.   As a general rule, the word 'may' will not be treated as a word of command . . . . In construction of statutes . . . . [the] word 'may' as opposed to 'shall' is indicative of discretion or choice between two or more alternatives. . . ." Where both mandatory and directory verbs are used in the same statute, . . . . it is a fair inference that the legislature realized the difference in meaning, and intended that the verbs should carry with them their ordinary meanings. This is especially true where 'shall' and 'may' are used in close juxtaposition . . . ."
>
> <u>The effect of holding a statute mandatory is to require strict compliance with its letter</u> . . . . If a provision is held to be [permissive] some deviation is allowed from its terms. . . ."
>
> *People v. District Court, Second Judicial Dist.*, 713 P.2d 918, 922 (Colo. 1986) (citing among other sources N. Singer, 2A Sutherland Statutory Construction §§57.11 - 57.12

(Sands 4th ed. 1984) (Emphasis Added).

12. "It is a basic canon of statutory construction that use of the word 'shall' indicates a mandatory intent." United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997). "Shall means shall. The Supreme Court and this circuit have made clear that when a statute uses the word 'shall,' Congress has imposed a mandatory duty upon the subject of the command… It is a basic canon of statutory construction that use of the word 'shall' indicates mandatory intent…As used in statutes . . . [shall] is generally imperative or mandatory…" *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1187 (10th Cir. 1998) (Citations Omitted).

13. In his deposition, Gunnison Police Chief Greg Anderson, stated that the discrepancy between the statute and the express consent form was never brought to his attention by anyone in the City Attorney's office and that he was previously unaware of the discrepancy contained in the statute. (See Plaintiff's Exhibit 1 pages 47-48).

14. It is uncontested that the City of Gunnison was not training its officers in accordance with Colorado law. It is not disputed that the Fourth Amendment implication (Mr. Melton's arrest) would not have occurred had the officers been properly trained.

15. The only issue of material fact that is in dispute is whether this systemic and incorrect training is merely negligent or if it rises to the level of recklessness. This is an issue of material fact that should be decided at a trial on the merits.

16. Summary judgment is a drastic remedy. The Tenth Circuit has cautioned that any relief pursuant to Fed. R.Civ. P.56 should be awarded with care. *Jones v. Nelson* 484 F.2d 1165, 1168 (10th Cir. 1973). The burden is on the moving party to show the absence of a genuine issue

of material fact. Pleadings and other evidence must be viewed in the light most favorable to the party opposing summary judgment. *Addickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *Rea v. Wichita Mortgage Corp.,* 747 F.2d 567, 573 (10th Cir. 1984). Unless the moving party can demonstrate his entitlement beyond a reasonable doubt summary judgment must be denied. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

17. In this case, the Defendant city of Gunnison, cannot demonstrate that there is no genuine issue of material fact with respect to the extent of its incorrect training, summary judgment should be denied as to this Defendant.

Wherefore, Mr. Melton prays this Court to reconsider its previous order granting summary judgment in favor of Defendant City of Gunnison.

> */s/ Sean M. McDermott*
> SEAN M. MCDERMOTT
> ATTORNEY AT LAW for Buck Maloy Melton
> McDermott, Hansen, & McLaughlin, LLP
> 1890 Gaylord Street
> Denver, CO 80206
> Phone 303-399-6037
> Fax 303-322-3423
> E-mail address: smcdermott@mhmlawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this 16th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Eric M. Ziporin, Esq.
    eziporin@sgrllc.com

    Elliott J. Scott, Esq.
    escott@sgrllc.com