Notice of Appeal

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 JUL -7 PM 12:48

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Civil Action No. 07-CV-00029-RPM
Buck Maloy Melton
   Plaintiff,
CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually
   Defendants

A judge answers questions of law, while a jury answers questions of fact. A jury of my peers rendered a Not Guilty verdict in a Driving Under the Influence charge. The Driving While Revoked charge was so pitiful and so weak that the charge was dropped by the District Attorney and was not prosecuted as there was no merit. No where does Judge Matsch in his ruling granting Summary Judgement for Dismissal mention or even refer to these facts. And egriously so. Judge Matsch is taking facts in controversy as proven when in fact they are in dispute or clearly wrong. Absence of recognition or consideration of these facts is a violation of Due Process on Judge Matsch' behalf.

On January 2, 2006, Officers Ronald Moore and Officer Grace Cowan of the City of Gunnison, Colorado, Police Department were patrolling the City in a marked patrol car. They initiated a traffic stop of a blue Mazda sedan driven by plaintiff Buck Maloy Melton for failure to stop at a controlled intersection. Plaintiff did stop at the intersection and with very icy conditions on the road slid past the stop sign by no more than two feet. This was enough for the officers Moore and Cowan to pull plaintiff over and initiate a stop and conduct roadside tests.

Officer Moore conducting hurried and dubious tests then placed plaintiff under arrest for Driving Under the Influence of alcohol. Officer Moore refused to administer any chemical testing of blood or breath. The plaintiff was then taken to the Gunnison County jail. This all took place in eight minutes time. Officer Moore then made sure no chemical testing took place of blood or breath was taken in the Gunnison County jail. A form was presented with no time for reading or inspection.

Two days later on January 1, 2006, plaintiff was pulled over for no other reason than the notion plaintiff was driving with a suspended license. Officer Cowan then produced a form, the Colorado Express Consent Affidavit and Notice of Revocation Form, and stated that plaintiffs refusal, her claim, to sign said Form meant that plaintiffs license was suspended.

So after an eight minute DUI, being denied a chemical test of blood or breath at the stop and at the Gunnison County jail, and presented with legal forms with no time for reading or inspection, placed plaintiff in a state of dire duress and desperately seeking counsel to address these issues. The arrest on January 1, 2006, was impeding plaintiffs abilities to obtain counsel as provided in the sixth Amendment. These facts were determined by a "jury of my peers." Again, Judge Matsch refuses to acknowledge or recognise these facts. Instead Judge Matsch relies upon the findings of the Department of Motor Vehicle hearing. More on that follows.

Virginia v. Moore 2008 WL 1805745 April 13, 2008
cited from www.supremecourtus.gov/opinions/07pdf/06-1082
.pdf

The first question regarding this case is the date of April 13, 2008. Plaintiffs case was filed long before this case was settled and as such begs the question if there are Post Facto, after the fact, issues to be addressed. Otherwise, issues presented in this case would have been addressed prior to this Notice of Appeal. The bulk of the Virginia v. Moore case was a criminal case involving suppression of evidence involving a cocaine seizure. This case is about seizing the plaintiff. In the Virginia v. Moore case it was established that Moore's license was in fact suspended. In this case that fact was in dispute and as yet unresolved. Again, the District Attorney dropped this Driving while Revoked case because they felt it lacked merit. Probable Cause and reasonableness were two terms brought up repeatedly.

Boyd v. United States 116 U.S. 616, 624-627 (1886)
Payton v. New York 445 U.S. 573, 583-584 (1980)

On page 4 it states after the above citations, "That suggests, if anything, that founding-era citizens were skeptical of using the rules for search and seizure set by government actors as the index for reasonableness." Plaintiffs arrest on January 4, 2006, was based solely upon their own contentions from two days prior. Its as though the Officers involved created their own exigent circumstances. That is clearly unreasonable and therefor unconstitutional. Furthermor, the Department of Motor Vehicles hearing was conducted by "government actors."

Demand for Discovery

All cases, (numbers not necessarily details) in which the Department of Motor Vehicles sided against the police and for the individuals being prosecuted. The numbers should tell the tale.

This is important for two reasons. First, you (whomever is reading this) must be skeptical of government actors setting the index for reasonableness, and secondly, Judge Matsch' only reference for Dismissal is the Department of Motor Vehicle hearing in which the state's is somehow reasonable where clearly it is not; especially in light of his non-consideration of a jury verdict. On page 5 it states, "searches incident to warrantless arrests (which is to say arrest in which the officer was not insulated from private suit) were, as one commentator put it, "taken for granted" at the founding, Taylor supra, at 45, as were warrantless arrests themselves, Amar, Fourth Amendment First Principles, 107 Harv. L. Rev 757, 761 (1991). The Officers Moore and Cowan must remain part of the suit as their "seizure" of the plaintiff was warrantless and based solely upon their own claims from two days prior. The Officers created their own exigent circumstances which is clearly unreasonable.

In conclusion I beseech you, (whomever is reading this) to reconsider this case. I have been horribly wronged due to fabricated stories by the aforementioned police officers. Please feel the need to review the appropriate transcripts from the D.U.I. trial, and the facts as decided by the jury. My attorney, Sean McDermitt, assured me repeatedly this would be filed in a timely manner; by July 3. He had stated it needed to be filed by July 4, however the 4th of July being a holiday, it would be the following business day; that being Monday July 7, 2008. I have been without a license for well over two years and that issue has yet to be resolved. After a Not Guilty verdict by a jury this is unjust to say the least.

Please forgive me, (the plaintiff, Buck Maloy Melton) for after reviewing what documents I have in this case I truly wonder why Sean McDermitt has not brought to light the many aforementioned concerns or if Judge Matsch omitted these concerns. Please forgive me if what has been written is not done in a proper legal format or if something is not put forth in proper form and/or prose. I am not a lawyer. I beseech you to please review the facts in this case and reconsider.

Humbly, and Sincerely,
Buck Maloy Melton

Buck Melton
(719) 576-0318
2561 Gold Rush Dr. #1
Colorado Springs, Co 80906