IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

    Plaintiff,
v.

CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
_____

On January 2, 2006, Officers Ronald Moore and Grace Cowan of the City of Gunnison, Colorado, Police Department were patrolling the City in a marked patrol car. They initiated a traffic stop of a blue Mazda sedan driven by the plaintiff, Buck Maloy Melton, for failure to stop at the stop sign of a controlled intersection. Officer Moore communicated with the plaintiff and conducted a roadside sobriety test. After observing the plaintiff's physical action and slurred speech, Officer Moore told Mr. Melton that he was under arrest for driving under the influence of alcohol. The plaintiff refused to give consent to any chemical testing of his blood and breath. The plaintiff was taken to the Gunnison County Jail where Officer Moore took the plaintiff's driver's license and showed him the Colorado Express Consent Affidavit and Notice of Revocation Form and explained that by signing the form, Mr. Melton would have a temporary permit to

drive for seven days.  Mr. Melton refused to sign the form and Officer Moore told the plaintiff he could not drive.

Two days later, on January 4, 2006, Officer Cowan driving in her marked patrol car, observed Mr. Melton driving his blue Mazda in Gunnison.  She initiated a traffic stop and arrested the plaintiff for driving without a license.  She based her stop and arrest of the plaintiff on the knowledge that he had not signed the form and the belief that the failure to sign denied him temporary permission to drive.  She also supported the arrest as a violation of the appearance bond Mr. Melton signed when he was released from jail on January 2, 2006, a condition of which was that he must not commit any illegal acts.

The plaintiff in this civil action seeks damages from both officers Moore and Cowan for violation of the Fourth and Fourteenth Amendments to the United States Constitution, contending that his seizure on January 4, 2006, was without reasonable suspicion or probable cause.  The core of this case is a legal dispute concerning the meaning of a Colorado Statute C.R.S. § 42-2-126(5)(b) which provides that upon refusal to cooperate in completing statutorily required tests at the request of a law enforcement officer, the officer shall take possession of the driver's license and "when the officer takes possession of a valid driver's license issued by this state or any other state, the officer, acting on behalf of the department, shall issue a temporary permit which is valid for seven days after its date of issuance."

The Express Consent Form, created by the Colorado Department of Revenue, includes the following two paragraphs:

**SURRENDER OF DRIVER LICENSE**

2

> Section 42-2-125(5)(b), C.R.S., requires the officer to take possession of any driver license you hold. When you surrender your driver license, the officer may issue a temporary permit that will remain in force for seven (7) calendar days after the date of notice.
>
> **TEMPORARY PERMIT**
> This entire notice and order is a temporary permit which expires on the seventh (7th) day after the date of notice when indicated below and when signed by both you and the peace officer.

The position taken by the two officers in this case that the refusal of Mr. Melton to sign the form denied him the right to a seven day temporary permit was consistent with the training given by the City of Gunnison and the plaintiff claims liability on the City for the failure to train the officers according to the provision of the statute.

It is not necessary for this Court to resolve that legal dispute because the United States Supreme Court in the recent opinion citing *Virginia v. Moore,* ____ U.S. ____, 2008 WL 1805745 (April 13, 2008), has made it clear that the Fourth Amendment is to be applied by the constitutional standard of reasonableness rather than state law limiting authority to arrest. In this case, the City's interpretation of the statute is apparently consistent with that of the Colorado Department of Revenue as demonstrated by the language of the consent form and as applied by the hearing officer who sustained the view of Officers Moore and Cowan that the refusal of the plaintiff to sign the form precluded issuance of a temporary permit. Because the arrest of Mr. Melton on January 4, 2006, was objectively reasonable, no constitutional violation has been shown in this case. Accordingly, it is

ORDERED that the defendants' motion for summary judgment is granted and

judgment shall enter dismissing this civil action with prejudice and awarding the defendants their statutory costs.

DATED: June 4th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

    Plaintiff,

v.

CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually,

    Defendants.
_____

## JUDGMENT
_____

    Pursuant to the Order Granting Defendants' Motion for Summary Judgment entered by Senior Judge Richard P. Matsch on June 4, 2008, it is

    ORDERED that this civil action is dismissed with prejudice. Defendants are awarded statutory costs upon the filing of a bill of costs within ten days.

    DATED: June 4th, 2008

                        FOR THE COURT:

                        GREGORY C. LANGHAM, Clerk

                            s/M. V. Wentz
                        By_____
                                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00029-RPM

BUCK MALOY MELTON,

    Plaintiff,

v.

CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually,

    Defendants.
_____

### ORDER DENYING MOTION TO RECONSIDER
_____

    Upon consideration of the Motion to Reconsider the Court's Order Granting Summary Judgment as Applied to the City of Gunnison [38] it is

    ORDERED that the motion is denied.

    DATED: June 18th, 2008

                                        BY THE COURT:

                                        s/Richard P. Matsch

                                        _____
                                        Richard P. Matsch, Senior Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  07-CV-00029-RPM-PAC

BUCK MALOY MELTON,

        Plaintiff,

v.

CITY OF GUNNISON, COLORADO, OFFICER RONALD MOORE, Individually and OFFICER GRACE COWAN, Individually

        Defendants.

## MOTION FOR 30 DAY EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Mr. Buck Maloy Melton, through counsel, moves this honorable Court for an extension of time to file his Notice of Appeal.  Mr. Melton states the following as grounds:

1. Mr. Melton wishes to preserve his right to file such appeal.

2. Since July 4 fell on a holiday, Mr. Melton had until July 7 to file a notice of appeal.

3. Mr. Melton does needs to determine which attorney, if any, will be representing him in any appellate proceedings.

4 The undersigned has not conferred with Defendants' counsel.

5. The undersigned does not know what Defendants' position is.

Wherefore, Mr. Melton requests that this Court grant him an extension of time up to and including, Wednesday, August 6, 2008 in order to file his Notice of Appeal.

*s/ Sean M. McDermott*
SEAN M. MCDERMOTT
ATTORNEY AT LAW for Buck Maloy Melton
McDermott, Hansen, & McLaughlin, LLP
1890 Gaylord Street
Denver, CO 80206
Phone 303-399-6037
Fax 303-322-3423
E-mail address:  smcdermott@mhmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of July, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Eric M. Ziporin, Esq.
eziporin@sgrllc.com


Elliott J. Scott, Esq.
escott@sgrllc.com


---
Bonnie West

Notice of Appeal

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2008 JUL -7 PM 12: 48

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

Civil Action No. 07-CV-00029-RPM
Buck Maloy Melton
   Plaintiff,
CITY OF GUNNISON, COLORADO;
OFFICER RONALD MOORE, individually, and
OFFICER GRACE COWAN, individually
   Defendants

A judge answers questions of law, while a jury answers questions of fact. A jury of my peers rendered a Not Guilty verdict in a Driving Under the Influence charge. The Driving While Revoked charge was so pitiful and so weak that the charge was dropped by the District Attorney and was not prosecuted as there was no merit. No where does Judge Matsch in his ruling granting Summary Judgement for Dismissal mention or even refer to these facts. And egriously so. Judge Matsch is taking facts in controversy as proven when in fact they are in dispute or clearly wrong. Absence of recognition or consideration of these facts is a violation of Due Process on Judge Matsch' behalf.

On January 2, 2006, Officers Ronald Moore and Officer Grace Cowan of the City of Gunnison, Colorado, Police Department were patrolling the City in a marked patrol car. They initiated a traffic stop of a blue Mazda sedan driven by plaintiff Buck Maloy Melton for failure to stop at a controlled intersection. Plaintiff did stop at the intersection and with very icy conditions on the road slid past the stop sign by no more than two feet. This was enough for the officers Moore and Cowan to pull plaintiff over and initiate a stop and conduct roadside tests.

Officer Moore conducting hurried and dubious tests then placed plaintiff under arrest for Driving Under the Influence of alcohol. Officer Moore refused to administer any chemical testing of blood or breath. The plaintiff was then taken to the Gunnison County Jail. This all took place in eight minutes time. Officer Moore then made sure no chemical testing took place of blood or breath was taken in the Gunnison County Jail. A form was presented with no time for reading or inspection.

Two days later on January 1, 2006, plaintiff was pulled over for no other reason than the notion plaintiff was driving with a suspended license. Officer Cowan then produced a form, the Colorado Express Consent Affidavit and Notice of Revocation Form, and stated that plaintiffs refusal, her claim, to sign said form meant that plaintiffs license was suspended.

So after an eight minute DUI, being denied a chemical test of blood or breath at the stop and at the Gunnison County Jail, and presented with legal forms with no time for reading or inspection, placed plaintiff in a state of dire duress and desperately seeking counsel to address these issues. The arrest on January 1, 2006, was impeding plaintiffs abilities to obtain counsel as provided in the Sixth Amendment. These facts were determined by a "jury of my peers." Again, Judge Matsch refuses to acknowledge or recognise these facts. Instead Judge Matsch relies upon the findings of the Department of Motor Vehicle hearing. More on that follows.

Virginia v. Moore 2008 WL 1805745 April 13, 2008
cited from www.supremecourtus.gov/opinions/07pdf/06-1082.pdf

The first question regarding this case is the date of April 13, 2008. Plaintiffs case was filed long before this case was settled and as such begs the question if there are Post Facto, after the fact, issues to be addressed. Otherwise, issues presented in this case would have been addressed prior to this Notice of Appeal. The bulk of the Virginia v. Moore case was a criminal case involving suppression of evidence involving a cocaine seizure. This case is about seizing the plaintiff. In the Virginia v. Moore case it was established that Moore's license was in fact suspended. In this case that fact was in dispute and as yet unresolved. Again, the District Attorney dropped this Driving while Revoked case because they felt it lacked merit. Probable Cause and reasonableness were two terms brought up repeatedly.

Boyd v. United States 116 U.S. 616, 624-627 (1886)
Payton v. New York 445 U.S. 573, 583-584 (1980)

On page 4 it states after the above citations, "That suggests, if anything, that founding-era citizens were skeptical of using the rules for search and seizure set by government actors as the index for reasonableness." Plaintiffs arrest on January 4, 2006, was based solely upon their own contentions from two days prior. Its as though the Officers involved created their own exigent circumstances. That is clearly unreasonable and therefor unconstitutional. Furthermor, the Department of Motor Vehicles hearing was conducted by "government actors."

Demand for Discovery

All cases, (numbers not necessarily details) in which the Department of Motor Vehicles sided against the police and for the individuals being prosecuted. The numbers should tell the tale.

This is important for two reasons. First, you (whomever is reading this) must be skeptical of government actors setting the index for reasonableness, and secondly, Judge Matsch' only reference for Dismissal is the Department of Motor Vehicle hearing in which the state's is somehow reasonable where clearly it is not; especially in light of his non-consideration of a jury verdict. On page 5 it states, "searches incident to warrantless arrests (which is to say arrest in which the officer was not insulated from private suit) were, as one commentator put it, "taken for granted" at the founding, Taylor supra, at 95, as were warrantless arrests themselves, Amar, Fourth Amendment First Principles, 107 Harv. L. Rev 757, 761 (1997). The Officers Moore and Cowan must remain part of the suit as their "seizure" of the plaintiff was warrantless and based solely upon their own claims from two days prior. The Officers created their own exigent circumstances which is clearly unreasonable.

In conclusion I beseech you, (whomever is reading this) to reconsider this case. I have been horribly wronged due to fabricated stories by the aforementioned police officers. Please feel the need to review the appropriate transcripts from the D.U.I. trial, and the facts as decided by the jury. My attorney, Sean McDermitt, assured me repeatedly this would be filed in a timely manner; by July 3. He had stated it needed to be filed by July 4, however the 4th of July being a holiday, it would be the following business day; that being Monday July 7, 2008. I have been without a license for well over two years and that issue has yet to be resolved. After a Not Guilty verdict by a jury this is unjust to say the least.

Please forgive me, (the plaintiff, Buck Maloy Melton) for after reviewing what documents I have in this case I truly wonder why Sean McDermitt has not brought to light the many aforementioned concerns or if Judge Matsch omitted these concerns. Please forgive me if what has been written is not done in a proper legal format or if something is not put forth in proper form and/or prose. I am not a lawyer. I beseech you to please review the facts in this case and reconsider.

Humbly, and Sincerely,
Buck Maloy Melton

Buck Melton
(719) 576-0318
2561 Gold Rush Dr. #1
Colorado Springs, Co 80906

```
Court Name: U.S. District Court, Colorado
Division: 1
Receipt Number: COX011157
Cashier ID: sg
Transaction Date: 07/07/2008
Payer Name: BUCK MELTON
-----------------------------------
NOTICE OF APPEAL/DOCKETING FEE
 For: BUCK MELTON
 Amount:        $455.00
-----------------------------------
CHECK
 Check/Money Order Num: 1038
 Amt Tendered: $455.00
-----------------------------------
Total Due:     $455.00
Total Tendered: $455.00
Change Amt:    $0.00

07-CV-00029-RPM


A fee of $45.00 will be assessed on
any returned check.
```